## William B. Barron v. Lucinda A. Robbins and Levi R. Robbins.

*Bill to quiet title: Possession.* A bill to quiet title, filed by a complainant, who, though averring possession of the premises, is not shown to be in actual possession, against a defendant shown to be in possession, and nothing appearing to prevent proceedings at law, cannot be maintained.

*Heard October 21. Decided October 25.*

Appeal in Chancery from St. Clair Circuit.

The bill in this cause was filed by William B. Barron in the Circuit Court for the County of St. Clair in Chancery, against Lucinda A. Robbins and Levi R. Robbins, to quiet the title to three hundred and twenty acres of land in St. Clair county. The allegations of the bill as to the possession of the premises are these:

"And your orator further shows unto this court that the said Lucinda A. Robbins is not a resident of the state of Michigan, but, as your orator is informed, a resident of

the state of New York, and has never, to the knowledge or belief of your orator, been within the state of Michigan since your orator has been the owner of said lands and tenements.

"And your orator further shows unto this court that the said Lucinda A. Robbins and the said Levi R. Robbins, defendants, further confederating and combining together for the purpose of injuring and oppressing your orator in the premises, set up and pretend that the said Lucinda A. Robbins now has the possession of said lands and tenements, whereas your orator expressly avers and charges the contrary thereof to be true; and that, if the said defendants, or either of them, are upon said lands, they are trespassers and wrong doers against the just right of your orator.

"And your orator further shows unto this court that some time in the month of February, 1869, the said Levi R. Robbins came to the city of St. Clair, in said county, and in surreptitious and stealthy manner, and without the knowledge or consent of your orator, went on the said lands and erected thereon, in an out of the way place, a temporary board shanty, or small building, and commenced cutting down and removing growing and standing timber thereon, and cutting and causing to be cut more or less cordwood on said lands, and gave out and declared he intended to cut down and dispose of valuable oak and other timber then and now standing and growing on said premises, and gives out and declares, and pretends, that in entering upon said lands, cutting said timber down, and building said shanty, and in plowing up portions of said lands, he acts as the agent of his said wife, and by her direction and authority; and that his said wife, the said Lucinda A. Robbins, has a good and lawful title to said lands, and that your orator has no legal or equitable title

to the same, all which actings and doings and pretenses of the said Levi R. Robbins are contrary to equity and good conscience, and tend further to throw a cloud over your orator's title to said lands and tenements.

"And your orator further shows unto this court, that after the said Levi R. Robbins had entered upon said lands as heretofore stated, your orator told said Levi R. Robbins that his said wife had no title to said lands and premises, and on or about the 31st day of March, 1869, told him to leave said premises, and forbid him cutting down any timber on said premises, cutting any wood thereon, plowing, or in any way interfering with said lands and premises, and told said Levi R. Robbins to leave the same, but the said Levi R. Robbins absolutely refused to leave and yield up said premises to your orator, and still gives out and declares that he will not leave the same, but will continue to hold and possess the same as the agent of and for his said wife, the said Lucinda A. Robbins, to the great damage and injury of your orator, and contrary to equity and good conscience."

The allegations of the answer as to the question of possession, are:

"They admit that said Lucinda A. Robbins pretends to have possession of said lands, and especially state that in law and in fact she has actual, undisturbed and exclusive possession of all of said lands, with her husband, said Levi R. Robbins.

"This defendant, Levi R. Robbins, admits that he entered upon said lands at about the time stated in the bill, but denies that he did so surreptitiously.

"And these defendants aver that he entered upon said lands, finding the same entirely unoccupied, as the husband and agent of the defendant, Lucinda A. Robbins, she being the owner in fee thereof, with intent to make the same

their permanent home, and to farm and use the same, as they had the right to do.

"And these defendants insist and state the facts to be that the said Lucinda A. Robbins was, at the time of filing the original bill in this case, and of the amended bill therein, in the actual, and legal, and undisturbed possession of all said premises, she then, and still being, the actual and legal owner thereof in fee, and having the actual and legal possession under such title."

A replication was filed and proofs taken. The complainant, and the defendant, Levi R. Robbins, were examined as witnesses. The complainant, after stating that he was on the land on the 31st of March, was asked:—

"What did you do on the land on the 31st of March? *Ans.*—I ordered Mr. Robbins to leave the land immediately, or I should proceed to eject him. *Ques.*—What else did you do on the land? *Ans.*—Nothing else at that time. *Ques.*— Who was in possession at that time? *Ans.*—Mr. Robbins was then on the land. *Ques.*—Was not Robbins actually occupying a building on the 18th and the 31st of March, 1869? *Ans.*—On the 31st of March he was occupying a shanty. *Ques.*—Was he not occupying a shanty on the land on the day you filed your bill? *Ans.*—I think he was. *Ques.*— Had you any one on the land during February or March, up to the time of filing your bill, as a tenant, or holding the land for you? *Ans.*—I had no one. *Ques.*—Had you had any one in possession, or holding the lands in question as your tenant, or occupying the lands for you, any of the time from the time of your purchase from Ingersoll to the time of filing your bill? *Ans.*—I had no one living on it."

Levi R. Robbins, one of the defendants, testified: "I reside in the town of China. Am one of the defendants in this case. Remember when the suit commenced, about the time. Resided then in the town of China, in this county.

BARRON *v.* ROBBINS.

Lived on these lands in question. Have resided on these lands about five or six weeks before this suit commenced. I was building, chopping, etc. I was there with intention to prepare and make a permanent home. It belonged to my wife." And after stating that he was on the lands in February, 1869, he was asked: " Did you do anything with regard to them ? *Ans.*—Yes, sir. I purchased a lot of lumber and had it drawn out on the land, and commenced building a house shanty immediately and to chop wood and timber. *Ques.*—For what purpose did you build the shanty ? *Ans.*—To live in. *Ques.*—State fully what you did. *Ans.*—I built the shanty and occupied it right off, and commenced chopping, clearing, and drawing out. I lived on it about four weeks before the suit commenced. I can't just tell. My son was with me, and two or three men employed working on the land. *Ques.*—When you went on was there any one else in possession ? *Ans.*—No one. I went over it to find out if any one was there, and found no one. I built the shanty on the northeast eighty of the section, that is, the east half of the northeast quarter, from twenty to twenty-five rods from the main or traveled road."

The testimony of the defendant's son states more particularly the circumstances of taking possession of the land in February, and subsequent occupancy by the defendants. The cause was heard on pleadings and proofs, and on the hearing the bill was dismissed. The complainant appeals to this Court.

*R. P. Eldredge,* for complainant.

Adverse possession must be (as we claim it was in this case): 1. By entry, that is, a going upon the land with palpable intent to claim possession as one's own. 2. Continued:

as by actual residence and occupation, or by continued cultivation or inclosure, or by such possession as the property is capable of. 3. Visible, notorious, and distinct or definite in extent.

As to the general principle that the possession must, in its nature, possess such notoriety that the owner may be presumed to have notice and its extent. *Proprietors v. Call*, 1 *Mass.*, 483, 4 *Mass.*, 416, and other authorities cited in *Smith's Leading Cases*, 5th American ed., page 563. Subject: "Adverse possession, 3d subdivision."

Defendants claim that Levi R. Robbins was in possession as the agent of Lucinda A. Robbins, who claimed title and possession at the time of filing the bill. Complainant being in possession as of right, could not be dispossessed by an intruder, a mere trespasser.—*Codman v. Winslow*, 10 *Mass.*, 151; *Comm. v. Dudley*, 10 *Mass.*, 408; *Cheney v. Ringgold*, 2 *Harr. & Johns.*, 87–89; *Hall v. Golding, and Gittings' Lessee v. Hall*, 2 *Harr. & Johns.*, 112–115, and *Ib.*, 130; *Mather v. The Ministers' Church et al.*, 3 *Serg. & R.*, 509, 3 *Harr. & Johns.*, 631; *Hall v. Powell*, 4 *Serg. & R. Rep.*, 465; *Smith ex dem. Teller et al. v. Bentes*, 6 *Johns.*, 218; *Langdon v. Potter et al.*, 3 *Mass.*, 219; *Richards v. Ewell*, 48 *Penn.*, 361.

As to what shall constitute possession, see *Ewing v. Burnet*, 11 *Pet.*, 41; *Ellicott v. Pearl*, 10 *Pet.*, 412; 1 *Serg. & R.*, 111; 2 *Serg. & R.*, 436.

Complainant entered upon and cut and sold wood from the lot, purchased the same for a wood lot and used it as such, and was in possession of the same for that purpose when Levi R. Robbins intruded upon it, and therefore, such an intrusion could not operate as an ouster.—*Jackson v. Oltz*, 8 *Wend.*, 440; *Jackson ex dem. Hasbrouck, v. Vermilyea*, 6 *Cow.*, 677. A defendant may show and prove his own act of taking possession to show its character and extent,

as well as his purpose of doing so, as the same was at the time manifest from his own concurrent declarations.—*Hood v. Hood, 2 Grant (Penn.), 229.*

*T. C. Owen* and *D. C. Holbrook,* on the same side.

*W. Grace* and *J. Atkinson,* for defendants.

The fact is beyond dispute, that at the time of filing the bill, the complainant did not have the actual possession, and that the defendants had, within the meaning of the statute.—*C. L., 1012.* Actual possession being established in the defendants, whatever may be the complainant's title, he can have no *constructive* possession. We submit that in this case, the complainant should have alleged and established such a possession, or actual occupancy, as would make him an essential defendant in ejectment, brought by one out of possession.—*C. L., § 4557.*

Such occupancy is distinguished from the exercise of mere acts of ownership.—*C. L., § 4557; Lockwood v. Drake, 1 Mich., 14.* Or, in other words, he should have such possession as would preclude him from bringing ejectment against an adverse claimant.—*Blackwood v. Van Vleet, 11 Mich., 252; Moran v. Palmer, 13 Mich., 371.*

This is the very object of the statute, and is the only ground upon which such a case can be transferred from a court of law to a court of chancery. Even under the act of 1865, which permits a tax-title claimant to file a bill when out of possession, he can only do so when the possession is vacant, or, in other words, when there is no actual possession.—*Tabor v. Cook, 15 Mich., 322.*

The party in possession has the right to a trial by jury, which cannot be had in a proceeding like this. Now it seems clear that Mr. Barron was not so situated as to prevent him from bringing ejectment. His possession was no

more than any one claiming title to lands in his neighborhood.

CAMPBELL, CH. J.

The bill was filed to quiet title; but, inasmuch as the defendants are shown to be actually on the land, and claiming title, there is nothing to prevent proceedings at law against them, either by trespass or ejectment. The jurisdiction of equity to quiet title is intended to reach persons out of possession, who cannot be compelled to defend their rights at law. It is not designed to dispense with legal proceedings where they can be had without obstruction.

The bill was properly dismissed, and the decree should be affirmed with costs.

The other Justices concurred.