SEYMOUR v. ROOD.

BILL TO QUIET TITLE—WHEN LIES—EJECTMENT.
    A bill to quiet title will not lie against a party in possession,
    claiming ownership; ejectment being the only proper remedy
    in such case.

Appeal from Mecosta; Edwards, J.    Submitted June
22, 1899.   Decided September 12, 1899.

Bill to quiet title by Frances E. Seymour against Dear-
born Rood and Laura Rood.    From a decree for complain-
ant, defendants appeal.    Reversed.

*Edwin H. Lyon*, for complainant.

*Frank Dumon*, for defendants.

LONG, J.    This bill was filed to quiet title to certain
lands in Mecosta county.    Complainant claims title
through the foreclosure of a mortgage by James F. Moore
and wife to the Michigan Mortgage Company, and as-
signed by said company to the complainant.    Defendant
Dearborn Rood claims title under tax deeds for the years
1891, 1892, and 1893.    The other defendant is the wife of
Dearborn Rood.    The case was heard in the court below
upon pleadings and proofs taken in open court, and a de-
cree entered in favor of complainant.

It is charged in the bill that defendants pretend to be in
possession of said premises, and claim to own them.    The
answer admits that the defendants are in possession, claim-
ing title.    The proofs show that defendants went into
possession in the spring of 1895, and that they are still in
possession, claiming title.    Under these circumstances, the
complainant cannot maintain her bill to quiet title.    The
statute, prior to the amendment of 1887, provided that:

"Any person having the actual possession and legal or equitable title to lands may institute a suit in chancery against any other person setting up a claim thereto in opposition to the title claimed by the complainant," etc.    2 How. Stat. § 6626.

By the amendment of 1887 it is provided:

"Any person claiming the legal or equitable title to lands, whether in possession or not, may institute a suit in chancery against any other person, not in possession, setting up a claim thereto in opposition to the title claimed by the complainant," etc.    Act No. 260, Pub. Acts 1887; being section 6626, 3 How. Stat.

Defendants being in possession, the complainant has mistaken her remedy. A court of chancery is not the proper forum in which to try titles to lands. Where a party holding a legal title seeks to enforce it as against a person in possession claiming title under an invalid title, or one which the party claiming claims to be such, the only proper remedy is ejectment. 2 How. Stat. § 6626, was designed to enlarge the powers of equity in regard to quieting titles by allowing a decree in favor of a party in possession without the necessity of repeated trials at law. *King* v. *Carpenter*, 37 Mich. 365. Under the amendment of 1887, even, a bill in equity cannot be maintained to quiet title against a defendant in possession, but it provides only for such procedure when the party against whom the relief is sought is not in possession.

The decree below must be reversed, and a decree entered here in favor of defendants, with costs of both courts, but without prejudice to bringing a suit at law.

The other Justices concurred.