CROSBY v. HUTCHINSON.

1. BILL TO QUIET TITLE—WHO MAY MAINTAIN—FORCIBLE DISPOSSESSION OF DEFENDANT.

Complainant, owning an undisputed two-thirds interest in fee in certain property, and claiming the remaining one-third interest under a sheriff's deed, on the day after the life tenant's death, set up a tent on the premises near the house, and left men there to guard the same. A few days later she broke into the house, the key of which was held by defendant, who had been in possession, and who claimed title to a one-third interest under a warranty deed, and immediately thereafter filed a bill in equity to quiet title. *Held,* that the bill could not be maintained, since complainant had taken forcible possession of the premises for the purpose of filing the bill, to avoid a suit at law.

2. SAME—OVERRULING DEMURRER—EFFECT—NECESSITY FOR PROOF.

Where a bill in equity to quiet title to realty alleged that complainant was the owner and in possession of the property, and a demurrer to the same for failure to allege that defendant was out of possession had been overruled, the overruling of the demurrer did not relieve complainant of the necessity of proving that defendant was out of possession, as such order merely determined the sufficiency of the bill, and hence relief on another ground could not rest on the order.

3. SAME—EQUITY JURISDICTION.

Where it appeared on a bill to quiet title that the controversy related to certain deeds the validity of which was properly

determinable in an action of ejectment, the jurisdiction of equity was not saved by an allegation that defendant obtained his deed with improper motives; his motives, if his deed was a good one, and conveyed title, being immaterial in such suit.

4. SAME—INJUNCTION—DISMISSAL—DAMAGES.
   A bill in equity, not otherwise sustainable, will not be sustained by the fact that complainant is liable to have damages assessed for wrongfully securing an injunction.

Appeal from Calhoun; Peck, J., presiding. Submitted December 4, 1900. Decided February 27, 1901.

Bill by Mary J. Crosby against Leonard D. Hutchinson to quiet title. From a decree dismissing the bill, complainant appeals. Affirmed.

*John C. Patterson*, for complainant.

*Hatch & North*, for defendant.

HOOKER, J. Robert Brady died seised of 160 acres of land. He left a widow and three children, two of whom quitclaimed to the widow, Mary Brady. The other, Lannes Brady, did not. It has been adjudicated that Mary Brady acquired no more than a life estate by the quitclaim deed from her children. The complainant acquired the title to the shares of the two children mentioned, and it is conceded that she is owner of an undivided two-thirds interest in fee. She claims to own the fee in the share owned by Lannes Brady also. It rests on the following facts: Clark, Baker & Thompson, copartners, obtained a judgment against Lannes Brady in the Barry circuit. An execution issued to the sheriff of Calhoun county, and was levied upon the interest of Lannes Brady in these premises. The premises were sold to the plaintiffs, and a deed was made and delivered to them by the sheriff on April 22, 1899, the sale having occurred in 1891. Complainant received a quitclaim deed of the premises from the three copartners and their wives on April 11, 1895. The defendant, Hutchinson, claims title

to this one-third under a warranty deed from Lannes Brady and wife dated March 7, 1895, and he alleges that the sheriff's deed is void. It will thus be seen that, while the complainant claims absolute title to the entire premises, Hutchinson claims that he is tenant in common with her. The bill is filed to quiet the complainant's title by removing the cloud of defendant's deed and claim of title. It alleges that he took this deed with full notice of complainant's rights, and with a design of hindering and delaying Brady's creditors, and prays that his deed may be canceled, complainant's deed from the sheriff confirmed, and defendant enjoined from disturbing complainant's possession. The bill alleges that the complainant is owner and in possession of the premises. If it does not expressly state that Hutchinson is not in possession, it impliedly states it, and, as the bill has been held good upon demurrer, we must treat this as a sufficient allegation that the defendant is not in possession. Mary Brady died in possession April 19, 1899. The bill was dismissed upon the ground that the defendant was not shown to be sufficiently out of possession to justify the filing of this bill.

It is unnecessary to review the evidence at length. Hutchinson had been in possession, and, although some of his property had been removed, he still retained the key to the house upon the premises. The least that can be claimed by the complainant is that, immediately after Mary Brady's death, she sought to take possession, and to exclude Hutchinson, who was then in possession. Mary Brady died April 19th. Complainant set up a tent close to the house on April 20th, and left men to guard the premises. Two or three days later they broke into the house, and on April 25th this bill was sworn to. If the complainant can be said to have been in full possession at that time, it was only through an unlawful and forcible dispossession of the defendant.

Counsel cites cases to show what constitutes an ouster of a co-tenant, arguing that, if there has been an ouster, the person ousted cannot be in possession. It does not follow

that conduct which shall justify a court in finding a defendant guilty of ouster, in an ejectment suit brought by a co-tenant, will require the court to hold that such defendant has a possession sufficiently exclusive to maintain a bill to quiet his title. We have held that one who takes and maintains forcible possession for the purpose of filing a bill to quiet title, and to avoid a suit at law, cannot maintain such bill. *Rubert* v. *Brayton*, 82 Mich. 632 (46 N. W. 935). We think this design evident in this case.

Counsel for complainant maintains that this bill might be sustained although defendant was not out of possession. It seems to be thought that the overruling of the demurrer has settled this. The order settled the question of the sufficiency of this bill. If counsel has any ground to stand upon in this, it must be upon a claim that the bill does not allege that defendant was out of possession, and that, therefore, the bill could only be held good upon some other theory. In other words, by an error of judgment in sustaining a bill upon demurrer, the circuit judge has unsettled the rule of law applicable to such cases, viz., that a bill to quiet title could not stand against a defendant in possession. We cannot accede to this proposition. There is enough in the bill to imply exclusive possession by the complainant; and if we were to differ with the learned circuit judge about this, which we do not, his decision would simply have the effect of making a defective bill a good pleading for this case. The proofs to sustain it would need to be the same as would be required in any case, and relief upon another ground would have to rest upon something more substantial than such order.

It is contended, however, that there are sufficient grounds, outside of the statutory quieting of title, upon which this bill can stand, under "several familiar heads of equitable cognizance," viz.:

"It [the bill] states an equitable case to cancel defendant's deed, and to remove a cloud from complainant's title.

"It asks an injunction to restrain defendant from taking possession, and the decree refers the case to a commissioner to take proofs as to damages against complainant thereunder.

"The defendant took his deed from Brady in bad faith, and is irresponsible, and the bill was filed to prevent irreparable loss.

"It makes out a case to prevent a multiplicity of suits," etc., and "to restrain waste, which it might do independently of statute."

The ultimate determination of this controversy must depend upon the validity of complainant's title. If valid, the deed from Lannes Brady to defendant is worthless, and conveys nothing. These questions can be determined at law, or, if they cannot, the same is not made apparent. An ejectment may not be avoided by canceling an adverse deed, where the deed is void or inefficacious, and may be defeated in the ejectment suit.

Defendant's motives in taking the deed are immaterial, if it was a good deed, and conveyed title, so far as any relief sought by this bill is concerned; and we discover no allegations which warrant us in sustaining the bill as a proceeding to restrain waste or to avoid a multiplicity of suits.

Neither are we prepared to hold that the fact that a complainant is liable to have damages assessed for wrongfully taking an injunction would ordinarily confer jurisdiction in a case where it would not otherwise be sustained. The case is within the principle of *Blackwood* v. *Van Vleet*, 11 Mich. 252; *King* v. *Carpenter*, 37 Mich. 363.

The decree is affirmed, with costs.

MONTGOMERY, C. J., MOORE and LONG, JJ., concurred. GRANT, J., did not sit.