## TINKER *v.* PIPER.

1. QUIETING TITLE—PROPRIETY OF REMEDY—UNOCCUPIED LAND—
   DEFENDANT IN POSSESSION—EJECTMENT.

   On a bill to quiet title, filed under section 448, 1 Comp. Laws,
   evidence examined, and *held,* to clearly show that defendant
   was not out of possession of the land in controversy, and that
   to settle the rights of the parties ejectment should have been
   brought.

2. APPEAL AND ERROR — CHANCERY APPEALS — SETTLEMENT OF
   CASE—TIME—STATUTE—COURT RULES—CONSTRUCTION.

   Act No. 129, Pub. Acts 1905, does not limit the time for settling
   a chancery case for appeal to the time limited by Circuit
   Court Rule No. 47. *Nolan* v. *Garrison,* ante, 56, followed.

Appeal from Lapeer; Smith, J. Submitted June 20,
1907. (Docket No. 82.) Decided July 15, 1907.

Bill by Effie M. Tinker against Peter N. Piper to quiet
title to land. From a decree for complainant, defendant
appeals. Reversed, and bill dismissed.

*W. E. Brown,* for complainant.

*Stickney & Reed,* for defendant.

MOORE, J. This case is an appeal from the circuit
court for the county of Lapeer, in chancery. The bill was
filed to quiet title to the west half of the southeast quarter
of section 14, township of Elba, Lapeer county, Mich.
The defendant answered and claimed title under a tax
deed and by adverse possession for more than the statu-
tory period. The proofs were taken in open court, and a
decree entered in favor of complainant, as prayed for in
her bill.

The defendant alleges as error that a bill to quiet title will
not lie against a party in possession claiming ownership;
ejectment being the only proper remedy in such a case.

Counsel for appellant state this is the only error for which the appellant asks to have the decree reversed. The complainant claims the right to maintain this action by virtue of section 448, 1 Comp. Laws, which reads in part as follows:

" Any person .claiming the legal or equitable title to lands, whether in possession or not, may institute a suit in chancery against any other person, not in possession, setting up a claim thereto in opposition to the title claimed by the complainant," etc.

It will be observed an important question is whether defendant was not in possession within the meaning of the statute. The circuit judge filed a written opinion, the opening part of which reads as follows:

" There is some reason for saying that the bill should have been dismissed, as was done in *Seymour* v. *Rood,* 121 Mich. 173, because defendant, Piper, considers himself in possession of a portion at least of the premises in controversy; but the bill is here, and the money value involved is not large, so it is thought better to dispose of the case on its merits."

Later in the opinion, he uses the following language:

" There is no question but that since March, 1889, Piper has had a species of possession of the one acre of land, for much, if not all, of the time. He set out hitching posts for the use of the public who came to the lake. He led his horses to water across it at one point. He landed and tied his row boats along the shore. There being no fence between his own land and this one acre his cattle pastured upon it many times. He once built a calf pen upon it, also a temporary shed for use until his barn was completed; but he never asserted ownership to, nor assumed possession of, the 79 acres in the lake, except to use the surface of the water in common with the public. The one acre was also open to public use, and was used by the public. The several owners of the original title have also since March 29, 1890, had a species of possession. They built and used a boathouse upon it. They also landed and tied their boats to the shore. They drove over it. Gates cut a large tree from it, and rented it for a tent show. Thompson made some use of it. It

was assessed to them, and they paid the taxes until the last five or six years. There was so much contention between Piper and Gates about the ownership and possession that the supervisor finally avoided taking part in it by assessing it as 'owner unknown,' because both Piper and Gates were his neighbors. He never assessed it to Piper until Thompson, a nonresident of his town, acquired the title of Gates."

The land in controversy is mostly lake. It adjoins land which has been undisputably owned by defendant for years.. There is one acre of land which is not submerged. The only way it is reached by the public is through a long lane leading from the highway, over land owned by defendant and used by him as a farm, to land surrounding a summer hotel and used in connection therewith, which summer hotel is owned by the defendant.

It was the claim of defendant upon the trial that he had a tax title, and has acquired the land by adverse user, and he gave some testimony tending to prove his claim. The testimony is undisputed that at the time the suit was commenced defendant's cattle pastured upon the acre in question; that he had thereon many hitching posts, some of which had been there for years, which were used by guests of the hotel and patrons of defendant's boats to hitch their horses. That defendant led his horses daily across the land to water; that guests of the hotel passed over the land daily during the swimming season to reach the swimming hole. It was the claim of defendant that he had the right, as owner of the land, to do the things he did and which he permitted his guests to do. It is true there is a contest as to the extent of the use made by the respective parties; but we think it very clear that defendant was not out of possession of the land in controversy, and that to settle the rights of the parties ejectment should have been brought. The case is within *Seymour* v. *Rood,* 121 Mich. 173; *Chandler* v. *Graham,* 123 Mich. 327; *Crosby* v. *Hutchinson,* 126 Mich. 56.

One other question remains. The solicitor claims the case is not properly here,—

"Because no steps were taken to perfect such appeal within the time allowed by Circuit Court Rule 47 and said Act No. 129, Pub. Acts 1905, and not until on or about the 10th day of October, A. D. 1906, did defendants give notice of a settlement of the case to be presented to the court on October 20th; * * * because the court had no jurisdiction to enter an order on August 20th extending the time to settle the case, and the court had lost jurisdiction to extend the time at said date."

Act No. 129, Pub. Acts 1905, has been construed against the contention of the solicitor for complainant in the recent case of *Nolan* v. *Garrison*, ante, 56.

The decree is reversed, and one may be entered here dismissing the bill, with costs of both courts.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.