# APRIL TERM 1916.

### LONGCOR v. TURNER.

EQUITY—ADEQUATE REMEDY AT LAW.
> Possession being necessary to a suit to quiet title, a complainant, who has been ousted, should have been required to pursue his remedy at law.

Appeal from Van Buren; Des Voignes, J. Submitted April 16, 1915. (Docket No. 13.) Decided April 21, 1916. Rehearing denied June 23, 1916.

Bill by Wesley N. Longcor and another against John Turner and others to quiet title to certain land and for other relief. From a decree for complainants, defendants appeal. Reversed.

*Thomas J. Cavanaugh* and *Glenn E. Warner,* for complainants.

*W. J. Barnard,* for defendants.

BIRD, J. This litigation grows out of a dispute between the parties as to where a certain line fence should be located. Complainants own the east half of the northeast quarter of section 11 in the township of Porter, Van Buren county. Defendant Harris owns the east 20 acres of the northwest quarter of the northeast quarter, and the defendants Turner own the remainder of the west half of the northeast quarter. The division fence between these two 80's prior to the year 1887 was a rail fence of many years' standing. Some time in the year 1887 one Farrow, a tenant of complainant, and Munger, who was then the owner of the Harris land, agreed to and did erect,

(240

beginning at the highway fence on the north, 40 rods of straight rail fence between the Harris land and complainants'. In doing so, they deflected it to the east on complainants' land so that when it joined the road fence on the north it was 8 feet and 10 inches east of the point where the old rail fence joined it. This resulted in adding a triangular piece of land to the Harris farm. As to the reason for deflecting the line the parties are in conflict. Complainants insist that the object of it was to avoid an old hedgerow and stone piles, and that it was agreed that it should be set back on the old line the following spring; while defendants claim it was deflected for the purpose of straightening it, and that nothing was said about placing it back on the line of the old fence. This fence remained there until 1894, when Bly, who was Munger's grantee, removed it, or a portion of it, because of its decayed condition. It is claimed, but disputed, that since 1894 no fence was erected in its stead until 1912. Complainants assert that they have worked the land up to the line of the old rail fence; whereas defendants maintain that they have worked the land up to the line of the old straight rail fence. In 1912 Miss Harris erected a wire fence on the line of the old straight rail fence, and in her absence complainants moved it onto the line of the old rail fence. Defendant Harris then tore it down to await the settlement of the true line. Complainants filed this bill to restrain what they assert were repeated trespasses, and the bill contains a prayer for a decree defining the line between them, and further to have the title to the disputed piece of land quieted in them. At the hearing the claim of the defense was that the fence was set over by agreement of Munger and Farrow in 1887, for the purpose of straightening it, and that thereafter it was acquiesced in by both parties, and that the fence remained there

191 Mich.—16.

until 1894, and since that time defendant Harris and her grantors have had possession thereof, have tilled the same, and all the while asserted title thereto.

The defendants in the trial court denied the right of complainants to relief, on the ground that they did not have possession of the disputed strip at the time of commencing suit. They have raised the same question in this court. The testimony tends to show that defendant Harris had possession of said disputed strip at the time she built her wire fence in 1912. The complainants appear to have had possession for a short interval after they moved the wire fence which defendant Harris had erected. But it appears that at the time of the commencement of the suit defendant Harris had removed the fence and regained possession of the land in dispute. Inasmuch as defendant Harris claims title to the land in dispute, and appears to have had possession thereof when the suit was started, and for some time prior thereto, we are of the opinion that defendants' position is well taken, and that the question of title is one which should be settled by a suit in ejectment. *Seymour* v. *Rood,* 121 Mich. 173 (79 N. W. 1100) ; *Tinker* v. *Piper,* 149 Mich. 335 (112 N. W. 913).

The decree will be reversed, and the bill of complaint dismissed, without prejudice to complainants to settle the controversy by a suit in ejectment. Defendants will recover their costs in both courts.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.