CUMMINGS *v.* SCHREUR.

1. QUIETING TITLE — SUIT NOT MAINTAINABLE WHERE LAND IN POSSESSION OF DEFENDANT—EJECTMENT.

   A suit to quiet title to land alleged to be in possession of defendant may not be maintained (3 Comp. Laws 1915, § 12302, subd. 4); the proper remedy being an action of ejectment.[1]

2. SAME—JURISDICTION CONFERRED BY CROSS-BILL.

   Although a bill to quiet title to land alleged to be in possession of defendant gave the court no jurisdiction, defendant, by appearing, alleging adverse possession, and asking that his title be quieted as against the claims of plaintiffs, gave the court jurisdiction.[2]

3. DOWER—EJECTMENT APPROPRIATE ACTION TO RECOVER DOWER INTEREST—EQUITY WITHOUT JURISDICTION.

   3 Comp. Laws 1915, § 13219, points out the method to be employed in an action of ejectment for the recovery of a dower interest not previously admeasured, and there is no substitute therefor on the equity side of the court.[3]

4. QUIETING TITLE—CASE TRANSFERRED TO LAW SIDE OF COURT WHERE EJECTMENT APPROPRIATE ACTION.

   Where the decree in favor of defendant, in a suit to quiet title, cannot be sustained, on appeal, because it takes no account of plaintiff's dower interest, and cannot be modified because said dower interest cannot be admeasured in this suit, the decree is reversed, and the case transferred to the law side of the court, with leave to amend the pleadings to conform to an action of ejectment.[4]

Appeal from Mason; Cutler (Hal L.), J. Submitted October 13, 1926. (Docket No. 96.) Decided December 8, 1926.

Bill by Georgianna Cummings and others against

[1]Ejectment, 19 C. J. § 6; Quieting Title, 32 Cyc. p. 1335; [2]Quieting Title, 32 Cyc. p. 1338; [3]Dower, 19 C. J. §§ 283, 287 (Anno); [4]Quieting Title, 32 Cyc. p. 1385.

Dirk Schreur to quiet title to land.    Defendant filed a cross-bill to quiet title.    From a decree for defendant, plaintiffs appeal.    Reversed and remanded for transfer to law side of court.

*Jackson, Fitzgerald & Dalm,* for plaintiffs.

*A. M. Johnston,* for defendant.

WIEST, J.    The bill herein was filed by Georgianna Cummings, widow of James Cummings, deceased, claiming a dower right, and Bernice M. and George P. Cummings, daughter and son of the deceased, as sole heirs at law, to quiet title to certain land in Mason county, alleged to be in the possession of defendant and also to have defendant account for use and occupation.    Such a bill may not be filed against one in possession.    Ejectment is the action (3 Comp. Laws 1915, § 12302, subd. 4; *Seymour* v. *Rood,* 121 Mich. 173; *Chandler* v. *Graham,* 123 Mich. 327; *Tinker* v. *Piper,* 149 Mich. 335; *Dolph* v. *Norton,* 158 Mich. 417; *Miscotten* v. *Hellenthal,* 162 Mich. 402).    We omit further citation.    The bill gave the court no jurisdiction.    Defendant, however, appeared, alleged adverse possession for the statutory period and asked that his title be quieted as against the claims of plaintiffs.    This gave the court jurisdiction.    Proofs were taken and a decree entered dismissing the bill of plaintiffs for want of equity and quieting defendant's title against all claims of plaintiffs.    Plaintiffs appealed.

In the circuit the dower right of Georgianna Cummings was made to appear.    The decree appealed from not only makes no mention of such dower right, but cuts off all rights of plaintiffs by reason of defendant's adverse possession.    The dower right of Georgianna Cummings did not arise until the death of her husband in April, 1916.

James Cummings was the last recorded owner in the regular chain of title, and his deed, of record, ante-dated claimed possession by defendant. Defendant claims he came into possession of the land in 1908, under warranty deed from a purchaser from the State under tax sale, but does not assert any title by virtue of such deed or under tax deeds to himself from the State, because notice was not given to the last recorded owner of right of redemption.

The land, in 1908, was wild, had been cut over, was studded with stumps and grown up to poplars, willows and brush. At that time no road led to it. Just when defendant first exercised acts showing adverse possession does not clearly appear.

The evidence relative to the essentials of adverse possession during the statutory period is unsatis-factory, but we find it unnecessary to determine the question of adverse possession. At the time of the death of James Cummings, defendant had not ac-quired title by adverse possession, for at that time he had only claimed right of possession for about eight years. The right of Georgianna Cummings to her dower interest was not cut off by defendant's posses-sion up to the time of the death of James Cummings, and possession by defendant since the dower right accrued and up to the commencement of this suit was only about seven years. Mrs. Cummings, of course, had no right of dower in or of entry to the land until the death of her husband.

The decree quieting defendant's title rests solely upon possession by him for 15 years adverse to the rights of plaintiffs. Manifestly such cannot be so in the case of the dower right arising but seven years before the decree. The statute (3 Comp. Laws 1915, § 13219) points out the method to be employed in an action of ejectment for the recovery of a dower in-terest not previously admeasured. We know of no

substitute for this on the equity side of the court. Clearly we cannot, in this suit, modify the decree and admeasure the dower interest. Plaintiffs had no right to file this bill against defendant in possession to quiet their title. Defendant had no right, under the proofs, to a decree quieting his title as against the dower right of Georgianna Cummings. We do not pass on the sufficiency of the evidence of possession by defendant for 15 years adversely to the plaintiffs other than Georgianna Cummings. To do so would be but labor lost for it could lead to no decree. The action by plaintiffs, if any, is in ejectment, and defendant's rights, if any, can, in such action, be determined and protected.

The decree entered is reversed without prejudice, with costs of this court to plaintiffs and with costs of the court below to defendant, the case remanded to the circuit, with direction, as requested on the argument, to transfer the issues to the law side of the court, with leave to amend the pleadings to conform to an action of ejectment.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.