HIBBARD v. FINCH.

1. Mechanics' Liens—Statement of Lien—Time.

In suit to foreclose mechanic's lien, evidence *held*, to support finding of trial judge that statement of lien was not filed within statutory time (3 Comp. Laws 1929, § 13105).

2. Appeal and Error—Jurisdiction—Joining Causes.

Where, on appeal from decree in suit to foreclose mechanic's lien and for accounting, both parties request, as in trial court, that accounting feature be retained, and no question of jurisdiction or of joining accounting with statutory foreclosure of mechanic's lien is presented, Supreme Court is not required to raise points.

3. Same—Accounting—Incomplete Record.

Where, on appeal from decree in suit for accounting, record is incomplete, rendering full accounting impossible, cause is remanded that full accounting may be had.

Appeal from Genesee; Sample (George W.), J., presiding. Submitted January 19, 1933. (Docket No. 126, Calendar No. 37,027.) Decided April 4, 1933.

Bill by Wellman Hibbard against Margaret R. Finch and Union & Industrial Trust & Savings Bank to foreclose a mechanic's lien and for an accounting. From decree dismissing foreclosure and granting accounting, plaintiff appeals. Affirmed as to foreclosure, reversed as to accounting, and remanded.

*Carton & Gault,* for plaintiff.

*Brownell & Gault,* for defendant.

CLARK, J. The bill prays foreclosure of a mechanic's lien and accounting. The defendants are the owner and her mortgagee. The trial judge found no valid lien, and decree was entered accordingly. The accounting feature of the bill was retained, and a certain sum found to be due plaintiff, principal contractor, from the owner, Margaret R. Finch, which was decreed to be paid. Defendant offered no testimony, the case being disposed of on motion at conclusion of plaintiff's proof, and he has appealed.

Plaintiff began erecting the dwelling house on or about June 1, 1927. Mrs. Finch moved into the house the following November. She claims an agreement to build and complete the house for $8,500. During the summer of 1927 plaintiff gave her a writing stating that he agreed to build at a fixed profit of $700, estimated cost to include profit, $8,500. A small amount of repair work was done in fall of 1929. On January 2, 1930, plaintiff put some counter-flashing

on the roof, total cost $1.75, $1 of which was for labor, which plaintiff, although otherwise indebted to his employee, was careful to pay him that day and by check. Within the statutory period of 60 days thereafter, plaintiff filed statement of lien, claiming $4,069.29. The trial judge was of the opinion that the furnishing of January 2, 1930, was not in good faith, not within the contract, but to gain ground for filing a statement of lien. Upon a review of the evidence, as stated, together with character of the work done and material furnished on January 2, 1930, the significant payment of the labor item, the lapse of time after the building was accepted by the owner, we are in accord with the conclusion of the trial judge that the statement of lien was not filed in time. 3 Comp. Laws 1929, § 13105.

Both sides request, as in the trial court, that the accounting feature be retained and accounting made. No question of jurisdiction; no question of joining accounting with statutory foreclosure of mechanic's lien, is presented. We are not required to raise the points. *Cummings* v. *Schreur,* 236 Mich. 628.

The writing given by plaintiff as stated does not fix a full contract price. It states rather an estimated price. We cannot find on this record a contract for a fixed price, nor should accounting be had on this incomplete record. The cause should be remanded that full accounting of the matter may be had.

Decree dismissing foreclosure bill is affirmed, and as to accounting reversed, and remanded, without costs.

McDonald, C. J., and Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.