FEATHERSTON *v.* PONTIAC TOWNSHIP.

1. APPEAL AND ERROR—BILL TO ESTABLISH TITLE—DE NOVO REVIEW.
   On appeal from decree dismissing bill and cross bill to establish title to so-called public square, review is had *de novo* since it is a chancery case.

2. EQUITY—JURISDICTION—TITLE TO LAND—POSSESSION—EJECTMENT.
   The circuit court in chancery does not have jurisdiction of a suit to determine title to land of which the defendant is in possession; the only remedy being by way of ejectment or trespass (3 Comp. Laws 1929, § 13944, as amended by Act No. 41, Pub. Acts 1939).

3. SAME—JURISDICTION—TITLE TO LAND—POSSESSION—ADEQUACY OF REMEDY AT LAW.
   The jurisdiction of equity to quiet title is intended to reach persons out of possession, who cannot be compelled to defend their rights at law, and is not designed to dispense with legal proceedings where they can be had without obstruction.

4. SAME—JURISDICTION—TITLE TO PUBLIC SQUARE—ADEQUACY OF REMEDY AT LAW.
   In suit to establish title to part of land that was designated "public square" on plat of village but which was occupied for over 40 years by person whose heirs are plaintiffs and thereafter for upwards of 10 years by defendant village, circuit court in chancery is without jurisdiction since defendant was in possession, such decision being without prejudice to determination of title in proper law action (3 Comp. Laws 1929, § 13944, as amended by Act No. 41, Pub. Acts 1939).

Appeal from Oakland; Hartrick (George B.), J. Submitted October 4, 1944. (Docket No. 42, Calendar No. 42,838.)  Decided November 30, 1944.

Bill by Lotta E. Featherston, administratrix of the estate of William O. Wilson, deceased, and others against Pontiac township, its township board and Oakland county for decree determining that a particular plot of land belongs to plaintiffs. Cross bill by defendant Pontiac township and its township board against plaintiffs for a determination that the township is owner and to enjoin encroachment. Decree dismissing both bill and cross bill. Plaintiffs appeal. Affirmed.

*Donald C. Porritt,* for plaintiff.

*Harry J. Merritt,* for defendants.

STARR, J. Plaintiffs Lotta Featherston, administratrix of the estate of William O. Wilson, deceased, and Frank Wilson, Glenn Wilson, and Clara Whittaker, children and heirs at law of said deceased, filed bill of complaint seeking to establish title, by adverse possession, to certain land in the village of Auburn, Pontiac township, Oakland county, described as follows:

"That portion of premises designated in the plat of the village of Auburn as 'public square' and lying southerly of lots 23, 24 and 25 of said plat and westerly of the southerly extension of the easterly line of said lot 25 to the center of the public highway known as Auburn road. Subject to an easement of right of way for public highway purposes over the southerly 50 feet thereof."

In their bill of complaint plaintiffs alleged that on November 15, 1889, William O. Wilson entered into possession of said land and continued in open, adverse, hostile, notorious, and exclusive control and possession thereof until his death November 13, 1941, and that he thereby acquired title to said land

by adverse possession. Defendant Oakland county answered, disclaiming any interest in the land. Defendants Pontiac township and the township board answered, denying plaintiffs' right to title by adverse possession. By cross bill the township and its board alleged that the township became the owner of said public square, which includes the land claimed by plaintiffs, by common-law dedication in 1823, and has ever since owned and exercised control thereof. They asked that the township be decreed to be the owner of the land.

Defendants offered no proofs. At the conclusion of plaintiffs' proofs they moved to dismiss the bill of complaint, for the reason, among others, that plaintiffs' proper remedy was by an action at law. The trial court determined that plaintiffs had failed to establish title and entered decree dismissing their bill and also defendants' cross bill. Plaintiffs appeal from such decree and, this being a chancery case, we review the same *de novo*.

A copy of the plat of the village of Auburn, recorded September 20, 1826, shows an area designated as "public square" and also certain streets and lots, but does not show descriptions, dimensions or any dedication or granting of said public-square area. The testimony indicates that the so-called public square is a rectangular parcel of land approximately 264 feet in width east and west, and extending approximately 115 feet to the north and about the same distance to the south of Auburn avenue, an east-and-west street about 100 feet wide. The land claimed by plaintiffs comprises approximately the westerly three-quarters of that part of the public square lying north of the center line of Auburn avenue.

Plaintiffs' decedent, said William O. Wilson, resided on lots immediately north of the public square. Plaintiffs and other witnesses testified, in substance,

that until about 1931 Wilson occupied and used the land in question for lawn, garden, and pasture purposes and for the harvesting of hay and storage of machinery; and that he used a driveway extending north from Auburn avenue over the easterly part of said land.

The question presented on this appeal is whether or not the trial court erred in dismissing plaintiffs' bill. The court held that "plaintiffs have not sustained the right of title by adverse possession." However, before reaching the question of title by adverse possession, we are confronted with the problem as to whether or not the circuit court in chancery had jurisdiction to entertain the suit. The record shows that about 1931 defendant township, over the objections of Wilson, placed a fence at or near the north boundary line of the public square, and that the township thereafter continued in possession of the land and has made some use of it for public park purposes. One of the plaintiffs testified that his father, William O. Wilson, did not use the land after 1931. In summary, the testimony reasonably establishes that defendant township was in possession of the land at the time the present suit was begun and for several years prior thereto. Defendants being in possession, it is clear that the circuit court in chancery did not have jurisdiction to entertain the present suit. 3 Comp. Laws 1929, § 13944, as amended by Act No. 41, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 13944, Stat. Ann. 1944 Cum. Supp. § 27.545), provides that circuit courts in chancery shall have jurisdiction and authority:

"To hear and determine suits instituted by any person claiming the legal or equitable title to lands, whether in possession or not, *against any other person not in possession,* setting up a claim thereto in opposition to the title claimed by the plaintiff: and,

if the plaintiff shall establish his title to such lands, the defendant shall be decreed to release to the plaintiff all claims thereto."

In considering a like question of jurisdiction in *Kamman* v. *City of Detroit*, 252 Mich. 498, we said:

"Where   *   *   *   defendants were in possession of the premises, a bill to quiet title would not lie, and the only remedy was by ejectment.   *   *   *

"It has never been held that one in actual and peaceable possession of real property could be lawfully disseized except by a judgment of his peers and the law of the land, under our Constitution, without the right of trial by jury." (See cases cited.)

"As defendant   *   *   *   claims title to the land in dispute, and appears to have had possession thereof when the suit was started, and for some time prior thereto, we are of the opinion that defendants' position is well taken, and that the question of title is one which should be settled by a suit in ejectment." *Longcor* v. *Turner*, 191 Mich. 240.

"Inasmuch as the defendants are shown to be actually on the land, and claiming title, there is nothing to prevent proceedings at law against them, either by trespass or ejectment. The jurisdiction of equity to quiet title is intended to reach persons out of possession, who cannot be compelled to defend their rights at law. It is not designed to dispense with legal proceedings where they can be had without obstruction." *Barron* v. *Robbins*, 22 Mich. 35, 42.

See, also, *Fleming* v. *Conklin*, 237 Mich. 243; *Cummings* v. *Schreur*, 236 Mich. 628; *Moody* v. *Macomber*, 158 Mich. 209; *Crosby* v. *Hutchinson*, 126 Mich. 56; *Seymour* v. *Rood*, 121 Mich. 173.

We conclude that, as defendants were in possession of the land at the time suit was begun, plaintiffs' remedy was by an action of ejectment or tres-

pass. Under the allegations of plaintiffs' bill and the facts and circumstances shown, the circuit court in chancery did not have jurisdiction. In view of such conclusion, other questions presented do not require determination. However, it should be noted that our decision is without prejudice to a determination of plaintiffs' claim of title in a proper law action.

For the reasons herein stated, the decree of the trial court dismissing plaintiffs' bill is affirmed. No costs were allowed by the trial court. Defendants may recover costs of this court.

NORTH, C. J., and WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. BUTZEL, J., did not sit.