ROBERT SHOTWELL et al. *v.* M. E. H. LAWSON et al.

1. LIS PENDENS.—A decree of the Chancery Court, vacating the title of the defendant to land, is a condemnation of the title of all those who came in under him, after the service of process; it is unnecessary, therefore, for the complainant to file a new bill against such subsequent purchaser, in order to enforce her rights under the decree, and a bill for that purpose will be dismissed on demurrer.

Shotwell et al. *v.* Lawson et al.

2. DEED BY COMMISSIONER IN CHANCERY, EFFECT OF.—A deed conveying the legal title to land, out of the defendant, and vesting it in the complainant, executed by a commissioner appointed for that purpose, by a decree of the Chancery Court, will relate back to the commencement of the suit, so far as the rights of the defendant and of those claiming under him by title, commencing since the service of process, are concerned.

3. LIS PENDENS, PURCHASER.—A purchaser, *lis pendens*, takes the title clothed with all its infirmities in the hands of the defendant, and he is as much concluded by the adjudication made of it in that suit, as if he were himself a party.

4. EQUITY JURISDICTION.—Equity will not entertain a bill to recover land, where the party's remedy at law is clear and unembarrassed.

APPEAL from the District Chancery Court of Columbus. Hon. Henry Dickinson, vice chancellor. The appellees, M. E. H. Lawson, and her husband, Andrew Lawson, filed their bill in the Vice Chancery Court, against Robert Shotwell, James H. Turner, and Eliza W. Moore, alleging in substance, as stated in the opinion of the court. To this bill the defendants appeared and demurred, and assigned for cause of demurrer,—

1. Want of equity in the face of the bill.

2. That the complainants' remedy was at law.

3. That the bill was multifarious, and

4. If not multifarious, that others were necessary parties.

The demurrer was overruled, and the defendant in the court below appealed.

*James T. Harrison*, for appellant.

The demurrer should have been sustained.

1. Because the bill is multifarious.

2. That necessary and proper parties are not given, if the bill is not multifarious.

3. That the complainants have a full and adequate remedy at law, if they are entitled to the property in possession. 26 Miss. R. 257.

4. That the statute of 1841, allowing parties out of possession to file a bill to remove clouds on their title, does not apply to leasehold property. Hutch. Code, 773.

5. The complainants seek to recover possession of the land, and it is used as a mere action of ejectment. A party out of possession,

and holding the clear legal title, cannot resort to equity, to try the right before a trial at law. 1 Bibb, 67 ; 3 Humph. 642.   See also *McAfee* v. *Lynch*, 26 Miss. R. 257.

*C. R. Cruesoe*, for appellees.

Mr. Justice FISHER, delivered the opinion of the court.

The appellees, on the 19th of March, 1853, filed their bill in the Vice Chancery Court at Columbus, alleging that the complainant, Mrs. Lawson, on the 9th of May, 1842, filed her bill in said court, for the purpose of vacating the title which one Jefferson Graybill had acquired to a certain lot of ground, situate in the town of Columbus : that her bill having been dismissed, she prosecuted her writ of error to this court, and that the decree of the court below was reversed, Graybill's title vacated, and a commissioner appointed to convey the property to the complainant.

The bill further alleges, that while the suit was pending in the court below, and after service of process upon Graybill, he sold the property to one Brown, who purchased with notice of the pendency of the suit : that Brown sold to Shotwell, and that he sold to one Turner, and Eliza W. Moore.   It is further alleged that Brown, while in possession under his purchase from Graybill, caused the property to be sold under an execution in favor of the Tombigbee Railroad Company, against one Tallifario and others, and purchased the same for the sum of $15: that Shotwell being the owner of this judgment, and the execution having issued, and the sale made thereunder without his authority, filed a bill against Brown, to have his purchase at sheriff's sale cancelled, and that a decree was pronounced accordingly.

The bill further avers, that these several conveyances are clouds cast over the complainant's title ; and relief is sought upon this ground in a court of equity.   It appears that Turner, and Eliza W. Moore are in possession, in virtue of their purchase from Shotwell.

We are unable to perceive upon what ground the bill can be sustained.   The decree vacating Graybill's title is virtually a condemnation of the title of all who came in under him after the commencement of the suit, or rather after service of process upon

the defendant in that cause. The only title which any of the parties have, is derived either directly or indirectly from Graybill; and it is as much in the power of the complainant to enforce her decree, to gain possession of the lots against those parties, as it would be against Graybill, if no sale had been made by him, and he had continued in possession to the present time. The deed executed by the commissioner would under any circumstances relate back to the commencement of the suit, as against Graybill and all who subsequently claim under him; and even if the decree could not by the usual process be enforced as to these parties, the complainants' remedy would be clear and unembarrassed at law. It is not pretended that any of the parties have any title or claim, except such as is derived from Graybill. The deed from the sheriff to Brown, has been cancelled by Shotwell's bill and proceedings thereon; and while it is averred that Shotwell was allowed by the decree to run his execution against the property, he has not elected to do so; and until he shall choose to adopt this course, and acquire a title under his execution, he can only claim under his title individually derived from Graybill, which has been cancelled.

Under any view which we have been able to take of the case, we discover no ground for equitable relief.

Decree reversed, demurrer sustained, and bill dismissed.