MORSE, CAHILL, and LONG, JJ., concurred. GRANT, J., did not sit.

———◆———

82 643
92 584

## HARVEY S. HILL v. PHILLIP OLIN.

*Summary proceedings—Title to land.*

1. Title to land cannot be tried in summary proceedings to recover its possession under How. Stat. § 8295; *Hoffman v. Clark,* 63 Mich. 175.

2. A complainant in summary proceedings to recover possession of land claimed his title through a sheriff's deed issued on an execution sale, which the defendant claimed was invalid for the reason that the land belonged to a son of the judgment debtor, who was in possession at the time the levy was made.

The defendant's deed, which he had recorded, contained an
exception in the warranty clause as to said levy, which defend-
ant claimed was inserted without his authority, after the deed
was executed, he not having agreed to take the land subject
to the levy or to satisfy the same.    And it is held that an
inquiry into the question of defendant's alleged *estoppel* to raise
the question of paramount title involves of itself the trial of a
question of title to land, which was beyond the jurisdiction of
the commissioner to try.

Error to Gratiot.    (Hart, J.)    Argued October 8, 1890.
Decided October 31,  1890.

Summary  proceedings  to  recover  possession of  land.
Complainant brings error.    Affirmed.    The facts are stated
in the opinion.

*H. & E. L. Walbridge,* for appellant.

*George P. Stone,* for defendant.

CAHILL, J.    The complainant commenced summary pro-
ceedings before a circuit court commissioner to recover
possession of the N. W. ¼ of the N. E. ¼ of section 18,
in the township of Sumner, Gratiot county, Michigan,
where he had judgment.    The defendant appealed the
case to the circuit court, where a trial was had before the
judge without a jury.    No special finding was asked, and
none was made.    A judgment was rendered in favor of
the defendant.    A bill of exceptions was thereupon set-
tled, and the case brought to this Court by writ of error.

The complainant claims title through an execution sale
made on a judgment recovered by him against Jeremiah
A. Sprague, for $179.04 damages, and $22.94 costs.    The
execution levy was made on September 8, 1887; the prem-
ises were sold on November 5, following, and bid in by
complainant, to whom the sheriff gave his certificate of
sale, presumably bearing the same date.    On February
11, 1889, the premises not being redeemed, the sheriff

made and delivered his deed to the complainant as such purchaser, according to the statute.

The defendant claims title by mesne conveyance from Edwin A. Sprague, a son of Jeremiah Sprague, who, it is claimed by the defendant, was the real owner of the land in question, and 'in the actual possession of the same, at the time of complainant's levy, and defendant claims a right to the land by paramount title to that of complainant, under the following circumstances:

It is claimed that on March 21, 1887, Jeremiah A. Sprague, being the owner of the land, sold and undertook to convey the same to his son Edwin A. Sprague, but that by mistake he conveyed to him the N. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$, which he did not own, instead of the N. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$; that at the time of such conveyance Jeremiah and his son Edwin were living on the land, but that some time after Jeremiah, who had been a widower, remarried, and went to live with his wife on another piece of land, leaving his son Edwin and his family in possession of the land in question. The mistake in the deed of March 21, was not discovered until after complainant's levy of September 8. On September 19, Jeremiah executed a quitclaim deed to Edwin, which contained this clause:

"This deed is executed to perfect the title of Edwin A. Sprague to the lands described herein, which lands were supposed and intended between the parties to have been conveyed by deed dated March 21, 1887, and recorded in liber 67, page 468."

On February 18, 1888, Edwin A. Sprague conveyed the premises in question to Sarah Paddock. On March 3, 1888, Sarah Paddock conveyed to M. V. Smith, and on January 23, 1888, M. V. Smith conveyed the premises by warranty deed to the defendant.

It will be noticed that the deed from M. V. Smith to

defendant was prior to the conveyance from Sprague to Paddock, and from Paddock to M. V. Smith. This is accounted for by the fact that on September 13, 1887, Edwin A. Sprague had conveyed the premises in question to one Samuel T. Morgan. After the execution of this deed, Edwin A. Sprague refused to give possession under it, or to recognize it, claiming that it had been procured by fraud. Morgan, however, on September 16, 1887, conveyed an undivided half interest in the land to M. V. Smith, and the latter appears to have purchased in the Paddock title as a means of protecting himself against the warranty contained in his deed to the defendant. Defendant paid Smith for the W. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ $2,200, and defendent claims that it was agreed that he should take the premises subject to a $1,200 mortgage on them, and the taxes of 1887–88, and that Smith should procure a release of complainant's levy on the north 40. Under this arrangement the deed was not delivered on January 23, 1888, but was deposited in a bank, until Smith should procure such a release, when it was to be delivered. Afterwards, and on January 28, 1888, Smith and defendant entered into a different arrangement, whereby Smith agreed to indemnify defendant against the levy by executing to the defendant a mortgage on certain lands in Midland county, conditioned that Smith should procure a release and discharge of the levy within one year from that date. Defendant claims that, at the time the deed was deposited in the bank, it contained no mention of the levy, but after the execution of the mortgage by Smith to defendant, and before the deed was delivered, Smith wrote in the deed, as a limitation upon the covenants against incumbrances therein, the words: "Except a certain levy filed September 8, 1887." But defendant says that it was not intended or agreed between himself and Smith that he should take said

premises subject to the levy, or that he was obligated to pay it off.

On the trial in the circuit court, the evidence of the defendant in regard to the circumstances under which the deed from Smith to him was executed and delivered, and the clause concerning the levy inserted, was objected to by complainant upon the ground that the defendant was estopped by the terms of his deed to deny that the levy was binding upon him. But the evidence was received, and the complainant excepted. At the conclusion of the testimony, the defendant's counsel requested the court to dismiss the case, for the reason that the evidence disclosed that the defendant did not hold the premises in question under the complainant, but held then adversely to the complainant, and by title adverse, hostile, and paramount, and that such title could not be litigated in this action. The circuit judge held in accordance with this view.

The judgment of the circuit judge was right. Whatever may be the fact, each party claims to have the paramount title derived from Jeremiah Sprague. Such claims are hostile and adverse, and cannot be tried under How. Stat. § 8295, providing for summary proceedings. Complainant's counsel claim that defendant is estopped, by the recital in his deed, to make the defense of paramount title. But this inquiry involves of itself the trial of a question of title, which is not cognizable by a circuit court commissioner in these proceedings.

It follows that the judgment of the circuit court must be affirmed, with the costs of all the courts to the defendant.

CHAMPLIN, C. J., MORSE and LONG, JJ., concurred. GRANT, J., did not sit.