LOGAN J. DRAKE AND LOUIS D. WALLACE v. GEORGE F. HAPP.

*Ejectment—Title to support—Boundary lines.*

1. A plaintiff in ejectment who shows title running back for a long time, through a series of conveyances from persons in possession as owners, is presumed to hold by direct chain of title from the government, unless the defendant claims under some one who was in a position to disturb that presumption; citing *Steinhauser v. Kuhn*, 50 Mich. 367.

2. Where a plaintiff in ejectment and the person under whom the defendant claims possession derived title from the same source, further proof of title by the plaintiff is unnecessary; citing *Johnstone v. Scott*, 11 Mich. 232; *Cronin v. Gore*, 38 Id. 381;

*Eames v. McGregor,* 43 Id. 313; *Van DenBrooks v. Correon,*
48 Id. 283.

3. Boundary lines cannot be tried in a proceeding before a circuit
court commissioner, ejectment being the proper remedy; citing
*Bennett v. Robinson,* 27 Mich. 26; *Foss v. Van Driele,* 47 Id.
201; *Hill v. Olin,* 82 Id. 643.

Error to Berrien. (O'Hara, J.) Submitted on briefs
June 17, 1892. Decided July 28, 1892.

Ejectment. Defendant brings error. Affirmed. The
facts are stated in the opinion.

*George S. Clapp,* for appellant.

*N. A. Hamilton,* for plaintiffs.

McGRATH, J. This is ejectment for a portion of a
water lot on the southerly shore and near the mouth of
the St. Joseph river. The premises are described in the
declaration as—

"Commencing on the St. Joseph river, southerly bank,
at a point 2 feet above the railroad bridge of the Chicago
& West Michigan Railway Company, which bridge crosses
said river, and running thence easterly along the edge
of the wharf or dock up the river 66 feet; thence south-
erly to a point on the northerly line of the road, which
runs westerly under said railroad bridge, 68 feet easterly
from said bridge; thence westerly, along the northerly
line of said road, to a point 2 feet easterly from said
bridge; thence northerly to the place of beginning."

The cause was tried by the court, and findings are
submitted. Defendant appeals.

The sketch on following page will illustrate the situ-
ation.

At an early day a number of water lots were laid out
and platted along the south side of the river, and there
is no question but that the owners of these lots owned
to the channel bank. In 1845 the general government
improved the harbor by carrying the course of the stream

further to the north, and the dock was carried out
accordingly. On November 4, 1887, by deed recorded
November 12, 1887, James F. Joy conveyed to John
Wallace lots 444 to 448, inclusive, and so much of lot
449 as extends to within 2 feet of the railroad bridge,
excepting roadway. On December 20, 1887, Joy conveyed
to E. A. Graham lots 451 to 464, inclusive, and lot 450,
except 20 feet in width, deeded to the railway comany

R. R. Grounds.

for track and bridge approach purposes. Wallace con-
veyed to plaintiffs, January 6, 1888, so much of lot 449
as extends to within 2 feet of the railroad bridge, com--
mencing on the St. Joseph river bank 2 feet above the
railroad bridge; thence easterly, up the river bank, 66
feet; then southerly to a point on the northerly line of
the road, as it now lies, 68 feet easterly from said bridge;
thence westerly, along the line of said road, to a point
2 feet easterly from said bridge; thence northerly to the
place of beginning.

Defendant went into possession under a lease from
Joy, and occupied under the bridge under a lease from
the railroad, and paid rent to Joy down to the time of

Joy's conveyance to Wallace. When plaintiffs bought, they demanded rent from defendant, but defendant claimed that he was on lot 450, and not on lot 449. Plaintiffs then gave defendant notice to quit, and afterwards commenced these proceedings.

The defendant contended that plaintiffs did not establish title by common-law methods; that there was no semblance of proof of title from the general government. Plaintiffs showed title running back at least to 1877, through a series of conveyances from persons in possession as owners (*Steinhauser v. Kuhn,* 50 Mich. 367); but, independently of that fact, defendant claimed possession under Graham, and Graham and plaintiffs derived title from the same source (*Johnstone v. Scott,* 11 Mich. 232; *Cronin v. Gore,* 38 Id. 381; *Eames v. McGregor,* 43 Id. 313; *Van Den Brooks v. Correon,* 48 Id. 283).

Here the "river bank" and the "dock line" are not synonymous terms, but the court finds, not as a conclusion of law, but as a matter of fact, that the river bank had been formed at the dock line by the accretions after the change in the course of the river; and that it was understood by Morrison, a former owner, Graham, and Wallace, that the river bank and dock line were identical, and there was testimony tending to support this finding, irrespective of the fact that plaintiffs seem to have been put into possession of the balance of the lot to the dock line.

It is insisted that, under their theory, plaintiffs' remedy was a proceeding before a circuit court commissioner. We do not so regard it. Defendant went into possession under a grantor of plaintiffs; but this grantor then owned lot 450 as well as lot 449. When plaintiffs demanded possession, defendant insisted that he was not on lot 449, but on lot 450, and that title to lot 450 was in Graham. In other works, he insisted that, by

succession, he was Graham's tenant, and not theirs. He did not deny title in plaintiffs' grantor to both lots, but he claimed that by their conveyance they had not obtained title to the land occupied by him. He set up a title in a third person, claiming title under his former landlord. Boundary lines cannot be tried in a proceeding before a circuit court commissioner (*Bennett v. Robinson*, 27 Mich. 26; *Foss v. Van Driele*, 47 Id. 201; *Hill v. Olin*, 82 Id. 643), and ejectment was the proper remedy.

The judgment is affirmed, with costs to plaintiffs.

The other Justices concurred.