LAMBERTON v. PAWLOSKI.

QUIETING TITLE—EQUITY—JURISDICTION.

> In suit to restrain action in ejectment, establish boundary line, and remove cloud from title to land in plaintiffs' possession, where counsel in open court stipulated that matter in dispute might be settled in instant suit, and defendants' amended answer prayed for affirmative relief and final decree directing plaintiffs to deliver possession of said land to defendants, it is *held*, on appeal, by equally divided court, that defendants may not now question jurisdiction of court, that court had jurisdiction under 3 Comp. Laws 1915, § 12302, subd. 4; and decree of court below in favor of plaintiffs is affirmed.

Appeal from Berrien; White (Charles E.), J. Submitted January 16, 1929. (Docket No. 141, Calendar No. 34,197.) Decided December 3, 1929. Rehearing denied March 7, 1930.

Bill by Ambrose Lamberton and another against Arnold T. Pawloski to quiet title to land. From a decree for plaintiffs, defendants appeal. Affirmed by equally divided court.

*Burns & Hadsell,* for plaintiffs.

*Gore & Harvey,* for defendants.

POTTER, J. Plaintiffs filed a bill of complaint in the circuit court for Berrien county to restrain prosecution by defendants of an action of ejectment, establish a boundary line, and remove a cloud from the title of land included within their alleged boundaries. Plaintiffs are owners of lots 25 and 26 in Jacob Beeson's addition to the city of Niles. Defendants are owners of lot 24 in the same addition. Defendants, claiming plaintiffs were in possession of a part of their land, to wit, a strip 16½ feet wide,

instituted ejectment to recover the same August 25, 1927, whereupon September 2, 1927, plaintiffs filed the bill of complaint herein. Defendants answered, claiming there was no equity in the bill and the same should be dismissed.

September 26, 1927, a motion was filed by defendants to dismiss the bill of complaint. This motion was argued November 30, 1927. In an opinion filed April 2, 1928, it is said:

"Prior to the commencement of this suit the defendants herein had commenced a suit in ejectment in this court to recover from the plaintiffs the possession of the disputed strip of land. The plaintiffs herein thereupon filed this suit to quiet the title, and to restrain the further prosecution of the ejectment suit. Upon the trial of this cause it was agreed by the counsel in open court that the matter in dispute might be fully determined in this action."

August 28, 1928, a final decree was entered herein and defendants appealed. The case was here submitted in the January, 1929, term. Subsequently this court, on its own motion, ordered additional briefs on the question of jurisdiction, and as bearing upon that question portions of the record below not settled by the court as part of the record on appeal have been certified here showing the basis of the motion to dismiss, the argument thereon, and the reasons for the court dismissing the ejectment suit after its prosecution was perpetually enjoined. No motion was made to remand the record for amendment. It was not remanded. I am satisfied the additional matter certified here after the case was heard, not settled by the court below as a part of the record on appeal, cannot be considered by this court. 4 C. J. pp. 493, 494.

A similar question was before this court in *Ballance* v. *Dunnington*, 241 Mich. 383 (57 A. L. R. 262). We think the reasoning of that case decisive.

Plaintiffs' right to maintain this suit is governed by the conditions existing at the time the suit was commenced. If plaintiffs had no right of action when they brought suit, they may not sustain their cause by something done afterwards. *Blackwood* v. *Brown,* 29 Mich. 483. A right of action not existing when suit is commenced cannot be created *ex post facto* so as to justify the suit. *Moyer* v. *Scott,* 30 Mich. 345.

"The rule is well settled, at least with regard to actions at law, and where no supplemental pleadings are filed, that the rights of the parties to an action must be determined according to the facts existing at the time the action was commenced. Plaintiff must therefore recover, if at all, according to the status of his rights at the time of the commencement of the action, and ordinarily the same rule applies with regard to the rights and defenses of defendant." 1 C. J. p. 1149.

A suit in ejectment between the same parties, involving the same subject-matter, was pending in the circuit court of the same county, at the time this suit was commenced. Plaintiffs assert their right to elect the forum for trial of the controversy between themselves and defendants, attempt to deprive defendants of their right of trial by jury, establish a new field of equitable jurisdiction, and overturn the long line of precedents established by this court for the trial of disputed boundary cases. I disagree with the contention that we must determine the question of jurisdiction as though ejectment had not been commenced, because the only grounds of equitable jurisdiction asserted by the bill are to remove cloud from plaintiffs' title, restrain the action of ejectment, and incidentally determine the only controversy between the parties—the location of the true boundary line between their respective premises.

Equity has no jurisdiction to quiet title against mere repeated, though unfounded, verbal assertions of adverse claims.

"The general rule is that equity will not entertain jurisdiction in actions to quiet title where there is a complete and adequate remedy at law; and where there is no danger from delay, and no other ingredient that requires the effective powers of equity to prevent fraud or injustice. In a case, therefore, where the remedy at law is adequate and complete, the complainant is remitted to such remedy; whether it be ejectment, trespass, writ of entry, or other appropriate proceeding at law." 5 R. C. L. p. 637.

"A cloud upon the title of the true owner of land, such as may be removed in equitable proceedings, is some deed or other writing which by itself, or in connection with proof of possession by a former occupant, or other extrinsic facts, gives the claimant thereunder an apparent right in or to the property. Civil Code, Secs. 4892, 4893; *Thompson* v. *Etowah Iron Co.*, 91 Ga. 538; 2 Am. & Eng. Enc. Law, 298; 3 Pom. Eq. Jur. Sec. 1398. A mere verbal claim to or oral assertion of ownership in property is not such a cloud upon the title of the owner. *Parker* v. *Shannon*, 121 Ill. 452." *Waters* v. *Lewis*, 106 Ga. 758.

"A bill will not lie to remove a mere verbal claim or oral assertion of ownership in property, as a cloud upon the title. Such clouds upon title, as may be removed by courts of equity, are instruments or other proceedings in writing, which appear upon the records and thereby cast doubt upon the validity of the record title." *Parker* v. *Shannon*, 121 Ill. 452.

"That which is alleged to constitute the cloud is the wife's verbal assertion that she owns the two tracts in her separate right. Where the bill discloses no more than an unquiet and unfounded apprehension as to the validity of his title, and a false,

clamorous assertion of a hostile title in defendant, a court of equity will not interfere to quiet the one or silence the other. 6 Ency. of Law, p. 153.'' *Newman* v. *Newman* (Tex.), 86 S. W. 635.

''We do not understand, however, that a bill will lie to dispel mere verbal assertions of ownership as clouds on title, or, invoking equity interposition on the ground of the removal of clouds, that decrees may be sought adjudging statutes unconstitutional and void. * * * The test as to when a cloud is or is not cast, as stated by Mr. Justice Field, then Chief Justice of California, in *Pixley* v. *Huggins,* 15 Cal. 127, and reasserted in *Hannewinkle* v. *Georgetown,* 15 Wall. 547, is undoubtedly applicable.'' *Devine* v. *Los Angeles,* 202 U. S. 313.

''Unless otherwise provided by statute * * * a mere verbal claim to, or assertion of ownership in, realty does not constitute a cloud on title.'' 32 Cyc. p. 1314, note.

If defendants were verbally making false and malicious claims of title against the lands and premises of plaintiffs, plaintiffs had a complete and adequate remedy at law by the institution of suit for slander of title. *Walkley* v. *Bostwick,* 49 Mich. 374; *Harrison* v. *Howe,* 109 Mich. 476; *Haney Manfg. Co.* v. *Perkins,* 78 Mich. 1; and having a complete and adequate remedy at law, plaintiff cannot maintain a suit in equity.

Mr. Justice SHARPE relies herein upon *Stockton* v. *Williams,* Walker's Chan. 120; *Moran* v. *Palmer,* 13 Mich. 367; *King* v. *Carpenter,* 37 Mich. 363; *Methodist Church of Newark* v. *Clark,* 41 Mich. 730; *F. H. Wolf Brick Co.* v. *Lonyo,* 132 Mich. 162 (102 Am. St. Rep. 412); *Carpenter* v. *Dennison,* 208 Mich. 442; *Sterling Bank of Sleeper & Chamberlain* v. *Scott,* 231 Mich. 362; *Cummings* v. *Schreur,* 236 Mich. 628; and *Maes* v. *Olmsted,* 247 Mich. 180.

*Stockton* v. *Williams,* Walker's Chan. 120, did not involve a disputed boundary. It points out that the statute giving equity jurisdiction to quiet title to real estate was passed to enable persons in possession of real estate, having title thereto, to remove all doubt in regard to their title arising from the claims of persons who are taking no steps to test the validity of their claims, and who, by their inaction, keep the party in possession in suspense. In this case the question of title is the only thing in dispute, defendants had begun an action in ejectment prior to the filing of the bill, such ejectment suit was pending when the bill was filed, the suit was commenced, not because defendants were inactive, but to restrain their activity, and plaintiffs here, as defendants in the ejectment suit, were not being kept in suspense but placed on defense. The language of the court demonstrates its inapplicability to this case.

*Moran* v. *Palmer, supra,* was not a boundary case but one where defendants claimed to be part owners of the premises by an unrecorded deed to their ancestors and by prior legal proceedings between them and parties other than complainant, through or under whom he derived title. The court said:

"We have thus presented to us the anomaly of a party who asserts that he is possessed of a complete legal title to lands which are occupied by him, and who points out no difficulty in the way of his exhibiting and establishing such title, appealing to a court of equity for relief against the claims of other parties who are pressing their claims against him at law, and have already obtained an adjudication in their favor. Argument to show that this bill cannot be sustained, is entirely unnecessary. If the facts, as above stated, were fully set forth in the bill, it would be demurrable, and being presented by

way of defense, they are a complete answer to complainant's case. A court of law is the appropriate tribunal for the trial of titles to land: *Abbott* v. *Allen*, 2 Johns. Ch. 520; *Devaux* v. *City of Detroit*, Harr. Ch. 98. The claimant of a legal title has a right to have the facts upon which his claim is based submitted to a jury, and it is only when the remedy at law is inadequate that resort can be had to equity. Nothing is better settled than that equity will not aid in clearing a title to land when complainant's remedy at law is complete: *Alton Marine and Fire Ins. Co.* v. *Buckmaster et al.*, 13 Ill. 201; *Smith* v. *McConnell*, 17 Ill. 135; *Ritchie* v. *Dorland*, 6 Cal. 33; *Wolcott* v. *Robbins*, 26 Conn. 236; *Munson* v. *Munson*, 28 Conn. 582; *Shotwell* v. *Lawson*, 30 Miss. 27; *Murphy* v. *Blair*, 12 Ind. 184. And when the party comes into equity for relief, he must set forth in his bill the circumstances which deprive him of a legal remedy: *Williams* v. *Ayrault*, 31 Barb. 364."

Defendants as plaintiffs in ejectment had sued plaintiffs herein when the plaintiffs herein, to deprive defendants of their right of trial by jury, invoked the aid of equity. Plaintiffs were not deprived of a legal remedy. They are here seeking to evade trial at law.

*King* v. *Carpenter, supra,* did not involve a disputed boundary. Complainant alleged title and possession and that a claim was being asserted by defendants by reason of failure to record a deed in the chain of title of complainant. A preliminary question was raised that the bill would not lie because it was a bill of peace; that it could only be maintained by one in possession, and, complainant being out of possession, ejectment was the only proper remedy. The court said:

"Undoubtedly where a party holding a legal title seeks to enforce it as against a person in possession

claiming under an invalid title, or one which the party complaining claims to be such, the only proper remedy is ejectment, and that remedy is perfect.''

In this case defendants brought themselves within the rule that, ''the only proper remedy is ejectment, and that remedy is perfect.'' No proper subject of equitable relief gives the court, in this case, jurisdiction. This case is not like *King* v. *Carpenter, supra,* where the bill was filed to restore an unrecorded lost deed and remove from record evidence of title fraudulently obtained and recorded. As there said:

''No statute was needed to enable any one to sue in equity upon an equitable cause of action, and in such case possession is not important and has never been required.''

This case was maintained under the well-settled rule that a court of equity, having jurisdiction, should retain it to grant complete relief.

*Methodist Church of Newark* v. *Clark,* 41 Mich. 730, was not a boundary case but a bill brought by the church to quiet title to a lot on which stood a house of worship. Certain church trustees were regularly appointed and held title to the real estate in question as such. The real estate had been deeded by John Clark and Elizabeth Clark his wife to the trustees of the church in trust for church purposes. A building was erected thereon. Subsequently three of the trustees got together, audited bills claimed to have been contracted for the erection of the building, and executed a real estate mortgage on the property for the money with which to pay the construction bills so audited. Two of the trustees so acting were tried and expelled from the church. The grantors of the real estate, claiming title to the

property, took possession thereof and closed the house of worship against complainants. It is said:

"The bill is a bill to quiet title. A bill for that purpose is based upon an actual possession by complainant of the land in dispute, and when sustained, it is upon the ground that complainant has no other means of bringing his title to an adjudication. *Stockton* v. *Williams*, Walk. Ch. 120; s. c. on appeal, 1 Doug. 546; *Moran* v. *Palmer*, 13 Mich. 367; *Tabor* v. *Cook*, 15 Mich. 322. But the evidence in this case does not show that complainants when they filed their bill had the possession necessary. Whether wrongfully or rightfully, the Clarks obtained exclusive possession of the church premises when the quarrel arose, and such possession as complainants obtained afterwards was given them by the arrangement with the Clarks. This was not an exclusive possession, and it was given and taken on the express understanding between the parties that neither should gain or lose in legal rights thereby. But it is obvious that if the possession thus obtained could be made to support a suit in equity, the party bringing the suit would gain an important right thereby; and this seems to us so manifestly opposed to the understanding that we are compelled to hold that, as a suit to quiet title, this suit cannot be sustained."

The court held as in *King* v. *Carpenter, supra,* that the bill having been filed to relieve the title of the church of the mortgage thereon, it might grant relief on the ground that equity having jurisdiction of the controversy under a well-recognized head, might retain it to grant complete relief; or, as the court said:

"It would therefore be competent for us to examine and dispose of the question of the validity of this mortgage on this record, and doing that would settle the question of the title."

Nevertheless it refused to do so, reversed the decree of the trial court, and dismissed the bill of complaint. This case settles that in a controversy like the present, a bill will not lie to restrain the prosecution of a pending action of ejectment to try title to the disputed strip of land.

*F. H. Wolf Brick Co.* v. *Lonyo,* 132 Mich. 162 (102 Am. St. Rep. 412), was a boundary dispute. The case is distinguishable from this, and additional authority for the position taken herein. The bill of complaint alleged a line fence had been established for 20 years; defendant attempted to tear down the fence and intended to erect another one six feet over from the old fence on complainant's land. The trial court dismissed the bill on the ground that equity had no jurisdiction because there was a dispute as to the true boundary which should be tried in a suit at law. Complainant in that case was in possession and had been in possession for 20 years. It had a right to protect its possession from the threatened continuing trespass of defendant as well as to prevent the destruction of the fence itself. The court said:

"That complainant was in possession on the 17th day of July, when defendant commenced to remove the fence, is clearly established by the evidence. It, being in possession, could not bring an action of ejectment; the defendant could. It was his clear duty to do so, rather than to attempt by force to remove this old fence to the line which he claimed. *Wilmarth* v. *Woodcock,* 66 Mich. 331, 336. Complainant was under no obligation to stand by, see the defendant build the fence upon another line, and then bring an action of ejectment. Defendant could not prevent complainant from maintaining this action by the removal of a small portion of the fence.

It invoked the aid of the court to restrain this unjustifiable action on the part of the defendant as soon as it learned that he had commenced such removal. It moved seasonably.''

*F. H. Wolf Brick Co.* v. *Lonyo, supra,* holds that in a case like this where there is a dispute as to the true boundary, and defendant is claiming land of which he is not in actual possession, that it is his duty to bring an action of ejectment rather than forcibly trespass upon the land in dispute in the actual possession of complainant and forcibly destroy the existing line fence; it indicates that defendants in this case did exactly what the court in *F. H. Wolf Brick Co.* v. *Lonyo, supra,* said it was their clear duty to do.

*Carpenter* v. *Dennison,* 208 Mich. 441, did not involve a boundary. Ejectment had been begun against plaintiff, and the bill was filed to restrain its further prosecution and quiet title against the claims of plaintiff therein. It is said of the statute relating to quieting title:

''But it has never been held, as we shall presently see, that the object of the act was to afford a defendant in an ejectment suit the option to deprive the plaintiff of his right to a trial by a jury, and permit him to elect in which court he would try the question of title.

''Counsel for plaintiffs, in support of the contention that the bill is maintainable, cite the following cases: *Woods* v. *Monroe,* 17 Mich. 238; *Dale* v. *Turner,* 34 Mich. 405; *Olsen* v. *Williams,* 172 Mich. 316; *Conley* v. *Sinclair,* 163 Mich. 306; *Grand Trunk, etc., R. Co.* v. *Fuller,* 205 Mich. 486. But a careful examination of these cases shows that in each of them there were facts alleged bringing the case within the jurisdiction of a court of equity and calling for equi-

table relief, and that each case is clearly distinguishable from the instant case.  * * *

"Each of these cases presented a case for equitable relief upon equitable grounds and is in no way out of harmony with a long line of holdings by this court announcing the general rule that courts of law are the proper forum for the adjudication of legal titles." Citing, *Stockton* v. *Williams*, Walk. Ch. 120; *Devaux* v. *City of Detroit*, Harr. Ch. 98; *Blackwood* v. *Van Fleet*, 11 Mich. 252; *Moran* v. *Palmer*, 13 Mich. 367; *Tabor* v. *Cook*, 15 Mich. 322; *Methodist Church of Newark* v. *Clark*, 41 Mich. 730; *Chandler* v. *Graham*, 123 Mich. 327; *Moody* v. *Macomber*, 158 Mich. 209; *Berger* v. *Roe*, 179 Mich. 184.

*Carpenter* v. *Dennison, supra,* holds that in a case like the present one the bill will not lie; that defendants herein who were plaintiffs in the ejectment suit, cannot be deprived of their right of trial by jury in the ejectment case, nor plaintiffs herein have the option of whether they will defend the ejectment suit or try the controversy on the equity side of the court.

*Sterling Bank of Sleeper & Chamberlain* v. *Scott, supra,* holds that a case may be transferred from the law side to the equity side of the court. The statute so provides. Suit was begun by mandamus to compel the payment of four drain orders issued in a tri-county drain proceeding for bridge construction. A township and several interested parties were permitted to intervene, and upon defendant's and interveners' application the case was transferred to the equity side of the court. Interveners then filed a cross-bill seeking to set aside the drain proceedings and restrain the payment of the drain orders. It was claimed the contract price of earth removal was in excess of the bid of the contractor; no proper notice of the drain proceedings had been given; the

bridge flooring contract should have been let separate from the contract for the rest of the bridge to the lowest bidder; one of the drain orders was signed by only two drain commissioners, when it should have been signed by three; and the survey and plans of the drain were made by an unregistered surveyor in violation of the statute. The court held that defendants, not having questioned the regularity of the drain proceedings until the drain was dug, the bridges completed, and the public for some time had had the use and benefit thereof, "a court of equity will not now listen to their stale complaint."

In *Cummings* v. *Schreur, supra,* a bill was filed to quiet title against defendant alleged to be in possession. It is said:

"Such a bill may not be filed against one in possession. Ejectment is the action (3 Comp. Laws 1915, § 12302, subd. 4; *Seymour* v. *Rood,* 121 Mich. 173; *Chandler* v. *Graham,* 123 Mich. 327; *Tinker* v. *Piper,* 149 Mich. 335; *Dolph* v. *Norton,* 158 Mich. 417; *Miscotten* v. *Hellenthal,* 162 Mich. 402). We omit further citation. The bill gave the court no jurisdiction. Defendant, however, appeared, alleged adverse possession for the statutory period and asked that his title be quieted as against the claims of plaintiffs. This gave the court jurisdiction."

The court in finally disposing of this case said:

"Plaintiffs had no right to file this bill against defendant in possession to quiet their title. Defendant had no right, under the proofs, to a decree quieting his title as against the dower right of Georgianna Cummings."

The decree of the trial court was reversed without prejudice.

In *Maes* v. *Olmsted, supra,* a bill was filed to restrain an action of ejectment and quiet title. The

location of the boundary line had been established and staked out by the common grantor of the parties, and they took title from such common grantor with reference to the boundary line located, established, and marked by him. After the termination of the action of ejectment, an outstanding record title would still have existed. The chancery suit also involved other lands than the ejectment case— a multiplicity of suits would thereby be avoided— and equity having jurisdiction upon well-settled grounds retained it to grant complete relief. Such is not this case. Here the location of the true boundary line recognized by the common grantor is in dispute. The ejectment case involved all the land involved in the chancery case. There is and would be no cloud upon the title of either of the parties after the disposition of the ejectment case. There is no dispute as to the title of the respective parties. Each party claims title to the true line. There are no overlapping conveyances. The location of the true boundary line is all that is involved. When the location of that line is established, that ends the controversy. The ejectment case afforded a complete and adequate remedy at law. There was no peg upon which to hang the cloak of equitable jurisdiction.

In *F. H. Wolf Brick Co.* v. *Lonyo, supra,* it is said:

"In *Campbell* v. *Kent Circuit Judge,* in an opinion by my Brother MONTGOMERY, the cases relied upon by the defendant to sustain his contention are distinguished from cases like this."

What was involved in *Campbell* v. *Kent Circuit Judge,* 111 Mich. 575? Mandamus was sought against the circuit judge to compel him to dissolve an injunction. It was refused. The bill was one to

quiet title, restrain the construction of a cement driveway and the building of a cement or stone coping upon complainant's land. The court recognized the correctness of the rule laid down in *Andries* v. *Railway Co.*, 105 Mich. 557; *Bresler* v. *Pitts*, 58 Mich. 347; and *Wykes* v. *Ringleberg*, 49 Mich. 567, but said:

"On the other hand, if a case is brought within some other head of equity jurisprudence, it is not conceived that the mere fact that there is involved in the question of the complainant's right a necessity for fixing a boundary line ousts the court of jurisdiction."

This is the position uniformly taken by the court, and which was emphasized in *Carpenter* v. *Dennison, supra.* It is an application of the well-settled doctrine that equity, having jurisdiction of a case for any purpose, will retain it to grant complete relief. *Whipple* v. *Farrer*, 3 Mich. 436 (64 Am. Dec. 99); *Wales* v. *Newbould*, 9 Mich. 45; *Jones* v. *Smith*, 22 Mich. 360; *Miller* v. *Stepper*, 32 Mich. 194; *Rickle* v. *Dow*, 39 Mich. 91; *Chase* v. *Boughton*, 93 Mich. 285; *Wallace* v. *Wallace*, 63 Mich. 326; *Brown* v. *Kalamazoo Circuit Judge*, 75 Mich. 274 (5 L. R. A. 226, 13 Am. St. Rep. 438); *Snyder* v. *Snyder*, 131 Mich. 658; *Burrows* v. *Leech*, 116 Mich. 32; *Pleasant Lake Hills Co.* v. *Eppinger*, 235 Mich. 174; *Bennett* v. *Haines*, 225 Mich. 185; *Ronczkowski* v. *Jazwiak*, 230 Mich. 327; *Argus* v. *Johns*, 243 Mich. 595; *Gillen* v. *Wakefield State Bank*, 246 Mich. 158.

"There is no case where a court of law has its jurisdiction cut off by the existence of equitable remedies. The rule is the reverse—that equity will not interfere if legal remedies are adequate. There is the strongest possible reason why a party should

not be turned over to the tedious and dilatory process of a long suit, when there are no issues that need it." *LaGrange* v. *State Treasurer,* 24 Mich. 468.

Here is no claim of disputed title; no cloud or shadow of a cloud upon the title of either of the parties; no record of conveyances real or pretended is sought to be removed; no conveyances are asked to be canceled; no threatened injury to property and no threatened trespass is sought to be repelled. There is no dispute here except where the true boundary line is between the premises of plaintiffs and defendants. Each party claims the strip 16½ feet wide in controversy. When the true location of the boundary line between the premises of the parties is settled, that ends the matter. *Wykes* v. *Ringleberg, supra; Kilgannon* v. *Jenkinson,* 51 Mich. 240; *Bresler* v. *Pitts, supra; Andries* v. *Railway Co., supra; Dolan* v. *Smith,* 147 Mich. 276; *Weissert* v. *Fuller,* 188 Mich. 328; *Argus* v. *Johns, supra.*

As said in *Wykes* v. *Ringleberg, supra:*

"The parties are in dispute as to where the true line is between the holdings. A strip of several feet in width is claimed by each.   *   *   *

"It seems evident that the substantial controversy is merely a difference about the legal ownership of a narrow piece of ground, and is rightly cognizable at law."

In *Kilgannon* v. *Jenkinson, supra,* it is said:

"A full review of the proceedings makes it entirely clear that the fundamental dispute is about the correct position of the line between lots 3 and 7. The case is not one where a complainant in possession of a specific piece of land, and a defendant out of possession, but claiming some right or title, are contending as to which one has the better right to that same parcel; but it is a case where the titles are not opposed, and the basis and existence of all right

and claim depend simply upon where the original line runs. When that is once settled there can remain no semblance of claim or cloud to be passed on, and the issue on that particular question is one regularly triable at law.

"The distinction in these cases between the jurisdiction of law and equity depends in no manner on the comparative means of the parties.    *    *    *

"The result is that the case in the record is not one of which a court of equity is authorized to take cognizance. The grievance implies legal remedies, and there are no elements to divest the jurisdiction at law and entitle equity to deal with the controversy."

In *Drake* v. *Happ,* 92 Mich. 580, it is said:

"Boundary lines cannot be tried in a proceeding before a circuit court commissioner (*Bennett* v. *Robinson,* 27 Mich. 26; *Foss* v. *Van Driele,* 47 Mich. 201; *Hill* v. *Olin,* 82 Mich. 643), and ejectment was the proper remedy."

In *Dolan* v. *Smith,* 147 Mich. 276, it is said:

"The rule is settled by repeated adjudications that the equity court has no inherent jurisdiction to determine boundary lines.    *    *    *    It is true that a court of equity may determine a question of a boundary line when encountered while administering a remedy which properly belongs to some recognized head of equity jurisprudence.    *    *.    *    In this case, however, the complainants do not bring themselves by their proofs within the jurisdiction in equity."

In *Nicholls* v. *Boyne City Lumber Co.,* 157 Mich. 234, it is said:

"We are of opinion that this claim cannot be sustained. The bill of complaint describes by metes and bounds a particular piece of land. It avers owner-

ship thereof in the complainants. It likewise avers that the defendant has taken and is now in possession of the same under a claim of ownership. Under such averments, we think equity has no jurisdiction, and the rights of the parties should be determined by a suit at law in ejectment. See *Kilgannon* v. *Jenkinson*, 51 Mich. 240, where this court said:

" 'A full review of the proceedings makes it entirely clear that the fundamental dispute is about the correct position of the line between lots 3 and 7;' and the conclusion reached by the court 'is that the case in the record is not one of which a court of equity is authorized to take cognizance. The grievance implies legal remedies, and there are no elements to divest the jurisdiction at law and entitle equity to deal with the controversy.'

"To the same effect, see *Wykes* v. *Ringleberg*, 49 Mich. 567; *Andries* v. *Railway Co.*, 105 Mich. 557; *Dolan* v. *Smith*, 147 Mich. 276; *Simmons* v. *Day*, 151 Mich. 1; *Warren* v. *Warren*, 151 Mich. 96."

In *Nicholls* v. *W. H. White Co.*, 157 Mich. 238, the rule of *Nicholls* v. *Boyne City Lumber Co.*, *supra*, was affirmed.

In *Hendershott* v. *Moore*, 188 Mich. 364, plaintiffs filed a bill to quiet title and for injunction. They claimed title to an island in Gun Lake. Defendants entered upon the island, cut down timber, removed underbrush, constructed the foundation for a house and commenced its erection. The circuit court granted relief. The bill was dismissed here for want of jurisdiction. It is said:

"So far as this record discloses, defendants committed a simple trespass upon lands claimed by the complainant to belong to himself and the heirs of his cograntee. That trespass consisted in going upon the lands in question, and erecting, or starting to erect, a building. Such an act on the part of

the defendants would, it appears to us, have no tendency to injure the freehold, and is not a trespass of such a nature as, under the authorities in this State, would clothe a court of equity with jurisdiction. See *Nicholls* v. *Lumber Co.*, 157 Mich. 234, and cases there cited.''

In *Weissert* v. *Fuller, supra,* it is said:

''While .it is recognized that courts of equity may pass upon a disputed boundary when incidental to and connected· with other issues properly coming under some recognized head of equity jurisprudence, the rule is well settled that equity courts have no inherent and independent jurisdiction to determine the true location of disputed boundaries. * * * Ejectment and trespass are the customary, and ordinarily adequate, remedies at law by which disputed boundaries· are settled.''

In *Argus* v. *Johns, supra,* it is said:

''A court of equity having jurisdiction on any well-settled ground, the fact a ·suit also involves a controversy over a disputed boundary will not oust the court of jurisdiction. *Stewart* v. *Carleton,* 31 Mich. 270; *Wilmarth* v. *Woodcock,* 58 Mich. 482; *Campbell* v. *Kent Circuit Judge,* 111 Mich. 575; *Vier* v. *City of Detroit,* 111 Mich. 646; *F. H. Wolf Brick Co.* v. *Lonyo,* 132 Mich. 162 (102 Am. St. Rep. 412). But where, as here, the sole question in dispute is the location of the true boundary line between parcels of land, the title to which is not involved, equity has no jurisdiction. The controversy is a legal one to be determined in an action at law. *Wykes* v. *Ringleberg,* 49 Mich. 567; *Kilgannon* v. *Jenkinson,* 51 Mich. 240; *Bresler* v. *Pitts,* 58 Mich. 347; *Andries* v. *Railway Co.,* 105 Mich. 557; *Dolan* v. *Smith,* 147 Mich. 276; *Weissert* v. *Fuller,* 188 Mich. 327.''

Equity is without jurisdiction of the subject-matter of the controversy.

It is claimed, however, that the parties having so stipulated, the question involved should be disposed of in equity. A court of equity is a tribunal, not an arbitrator. Consent of the parties cannot confer jurisdiction of the subject-matter of a controversy over which a court has no jurisdiction. Its acts without jurisdiction are not judicial acts. *Beach* v. *Botsford,* 1 Doug. 199 (40 Am. Dec. 45); *Clark* v. *Holmes,* 1 Doug. 390; *Spear* v. *Carter,* 1 Mich. 19 (48 Am. Dec. 688); *Wilson* v. *Davis,* 1 Mich. 156; *Farrand* v. *Bentley,* 6 Mich. 281; *Allen* v. *Carpenter,* 15 Mich. 25; *Moore* v. *Ellis,* 18 Mich. 77; *Youngblood* v. *Sexton,* 32 Mich. 406 (20 Am. Rep. 654); *Thompson* v. *Association,* 52 Mich. 522; *Kirkwood* v. *Hoxie,* 95 Mich. 62 (35 Am. St. Rep. 549); *Peninsular Savings Bank* v. *Ward,* 118 Mich. 87; *Hull* v. *Hull,* 149 Mich. 500; *Bradfield* v. *Bradfield,* 154 Mich. 115 (129 Am. St. Rep. 468); *Maslen* v. *Anderson,* 163 Mich. 477; *People* v. *Meloche,* 186 Mich. 536; *Carpenter* v. *Dennison,* 208 Mich. 441.

"Jurisdiction of the subject-matter cannot be given by consent." *Allen* v. *Carpenter, supra.*

"Consent cannot confer jurisdiction upon, or extend the jurisdiction of, a court, as to the subject-matter, beyond that which the law confers." *Kirkwood* v. *Hoxie, supra.*

"Jurisdiction of the subject-matter cannot be waived nor conferred by consent." *Hull* v. *Hull, supra.*

"Parties cannot confer jurisdiction over a subject-matter by their consent, upon courts from which the law has withheld it." *Maslen* v. *Anderson, supra.*

"Judicial jurisdiction comes only from the law, and cannot be conferred by consent, especially over the subject-matter." *People* v. *Meloche, supra.*

In *Carpenter* v. *Dennison, supra,* it is said:

"While opinions may be found in this court holding that this question of jurisdiction may be waived, and cases which have disposed of the controversy notwithstanding the jurisdictional question, the tendency of the later decisions of this court is to hold that jurisdiction of the subject-matter, jurisdiction of the case itself, jurisdiction of the court, may not be acquired by waiver or consent. *Riley* v. *Railway,* 163 Mich. 327; *J. F. Hartz Co.* v. *Lukaszcewski,* 200 Mich. 230; *Bolton* v. *Cummings,* 200 Mich. 234; *Miller* v. *Johnson,* 201 Mich. 535; *Munroe, Boyce & Co.* v. *Ward,* 207 Mich. 369."

The question of jurisdiction of the subject-matter may be raised at any time. *Greenvault* v. *Farmers' & Mechanics' Bank,* 2 Doug. 498; *Farrand* v. *Bentley,* 6 Mich. 281; *Attorney General* v. *Moliter,* 26 Mich. 444; *Adams* v. *Hubbard,* 30 Mich. 104; *Woodruff* v. *Ives,* 34 Mich. 320; *Horton* v. *Howard,* 79 Mich. 642 (19 Am. St. Rep. 198); *Tromble* v. *Hoffman,* 130 Mich. 676; *Attorney General* v. *Booth & Co.,* 143 Mich. 89; 15 C. J. p. 847.

"If want of jurisdiction affirmatively appears by the files, it would not be cured by testimony on a hearing." *Woodliff* v. *Citizens Bldg. & Realty Co.,* 245 Mich. 292.

"Jurisdiction of the subject-matter is governed by law and cannot be conferred by consent." 17 Am. & Eng. Enc. Law (2d Ed.), p. 1060.

"In consequence of the rule that jurisdiction of the subject-matter cannot be conferred by consent, the objection that a court is not given such jurisdiction by law cannot of course be waived by the parties." 17 Am. & Eng. Enc. Law (2d Ed.), p. 1062.

It is the duty of the court to raise the question of jurisdiction of the subject-matter on its own motion.

"On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *Mansfield, Coldwater & Lake Michigan Ry. Co.* v. *Swan,* 111 U. S. 379 (4 Sup. Ct. 510).

See, also, *Morris* v. *Gilmer,* 129 U. S. 315 (9 Sup. Ct. 289).

"If the record discloses a controversy of which the court cannot properly take cognizance, its duty is to proceed no further and to dismiss the suit." *Morris* v. *Gilmer, supra.*

"A court may of its own motion, even though the question is not raised by the pleadings or is not suggested by counsel, recognize the want of jurisdiction, and it is its duty to act accordingly by staying proceedings, dismissing the action, or otherwise noticing the defect, at any stage of the proceedings." 15 C. J. p. 852.

The decree should be reversed, and the bill of complaint dismissed, with costs.

NORTH, C. J., and WIEST and McDONALD, JJ., concurred with POTTER, J.

WIEST, J. I concur in the result of the opinion prepared by Mr. Justice POTTER.

The point of jurisdiction was timely raised and should have been sustained. The equity court had no jurisdiction and none could be conferred by consent of the parties. What the court below should have held we must now hold and not let the law on the subject yield to consent that jurisdiction be entertained.

NORTH, C. J., and McDONALD and POTTER, JJ., concurred with WIEST, J.

SHARPE, J. 1. *Jurisdiction.* Should this court decline to consider this case because the circuit court for the county of Berrien, in chancery, had no jurisdiction to enter a decree therein? The strip of land in dispute is of comparatively small value. The record on appeal contains 154 pages. Much expense was necessarily incurred by both parties in the preparation and trial of the case. Unless prevented from doing so by a statute or rule of law firmly imbedded in our jurisprudence, we should dispose of the controversy upon its merits.

In their bill of complaint plaintiffs claim title to the strip in dispute, of which they are in possession, by deed thereof, and also by the acquiescence of the defendants and their grantors in a line marked by a fence erected many years ago as the boundary line thereof. In their amended answer to the bill of complaint, after averring that the occupation and possession of the land in dispute was "without the consent and against the will of the owners of said lot twenty-four (24)," the defendants say:

"That under the stipulation between the parties herein, the rights of said defendants are to be ascertained and determined by the court, and if it is found that the plaintiffs have no right or title to possession of said 16½ feet, then in that event, the said defendants herein, Arnold T. Pawloski and Bessie Pawloski, are entitled to affirmative relief in order to avoid the necessity of the trial of said ejectment suit."

The closing paragraph thereof reads as follows:

"Wherefore, defendants pray that a final decree be entered herein declaring that said defendants, Arnold T. Pawloski and Bessie Pawloski, are the owners in fee of said lot 24, Jacob Beeson's Addition,

and that said parties hold said premises free and clear from any right, title, claim or interest of said Ambrose Lamberton and M. Maude Lamberton, and that said final decree direct that said plaintiffs forthwith deliver possession of said premises to said defendants.''

In the brief first filed by defendants' attorneys they say:

"The pleadings should be read. The answer puts in issue all the material allegations of the bill. When the case came to be tried, the attorneys agreed that only one case should be tried in order to determine the rights of the parties. Whereupon, in accordance with such stipulation, the defendants amended their answer praying affirmative relief."

The last sentence thereof reads:

"A decree should be entered in this court granting to the defendants the affirmative relief prayed for in their answer."

Upon the record as here made, the defendants should not now be heard to say that they did not voluntarily submit the matter in dispute to the jurisdiction of the trial court, and, having done so, they may not here question the jurisdiction of this court to dispose of the matter.

In *F. H. Wolf Brick Co.* v. *Lonyo,* 132 Mich. 162 (102 Am. St. Rep. 412), there was dispute over the location of a boundary line between two parcels of land. Defendant sought to remove the line fence between them, and plaintiff filed a bill to enjoin such action. The defendant answered, denying all the material allegations in the bill. After proofs taken, the trial court—

"did not pass upon the merits of the controversy, but dismissed complainant's bill upon the sole

ground that the jurisdiction of a court of equity had not been properly invoked by the complainant."

In reversing the decree, this court said:

"Complainant's bill showed that defendant disputed complainant's title. If he denied the jurisdiction of the court to test the question, it was his duty to demur to the bill. By answering, he voluntarily submitted this question to the court, and cannot now be heard to deny its jurisdiction."

Neither should this court of its own motion raise the question of a lack of jurisdiction on the part of the trial court. This court has many times disposed of cases submitted to it on the merits where it appeared that the plaintiff was in error in seeking the appropriate remedy. In *Sterling Bank* v. *Scott,* 231 Mich. 362, in which an action at law, clearly maintainable as such, was transferred to the equity side of the court on application of the defendants, it was said:

"No question is raised as to the propriety of the transfer of the case, and we shall dispose of it as it comes to us as an equity case."

In *Cummings* v. *Schreur,* 236 Mich. 628, where a suit was brought to quiet title and the defendant was in possession, it was held that "such a bill may not be filed against one in possession. Ejectment is the action." It was, however, further said:

"Defendant, however, appeared, alleged adverse possession for the statutory period and asked that his title be quieted as against the claims of plaintiffs. This gave the court jurisdiction."

The cases cited and relied upon by Mr. Justice POTTER do not, in my opinion, justify such action on our part. They will be briefly reviewed:

In *Kirkwood* v. *Hoxie,* 95 Mich. 62 (35 Am. St. Rep. 549), there was appended to a personal judgment by consent a provision that it become a lien upon certain property, and it was held that jurisdiction to enforce it could not thus be conferred upon the court. In *Hull* v. *Hull,* 149 Mich. 500, the parties by agreement provided that the probate court should make allowances to the plaintiff "as her necessities may require," and it was held that the court was without jurisdiction to determine the amounts thereof. In *Maslen* v. *Anderson,* 163 Mich. 477, it was held that jurisdiction of chancery courts in divorce proceedings is strictly statutory, and that jurisdiction to make a decree not provided for in the statute could not be conferred by consent. In *People* v. *Meloche,* 186 Mich. 536, this court held that "consent could not authorize the court of Baraga county to assume jurisdiction over the subject-matter of an offense committed, if at all, elsewhere than in that county."

In *Mansfield, etc., R. Co.* v. *Swan,* 111 U. S. 379 (4 Sup. Ct. Rep. 510), it appeared that a diversity of citizenship, on which the right of removal from the State to the Federal court depended, did not exist at the time the suit was begun. As the jurisdiction of the latter court depended thereon, and the "want of jurisdiction appears affirmatively from the record," it was held to be error for the trial court to assume jurisdiction and not to remand it. A similar question was presented and decided in the same way in *Morris* v. *Gilmer,* 129 U. S. 315 (9 Sup. Ct. Rep. 289).

I do not question the right of a defendant to raise the question of jurisdiction. But, when such jurisdiction is conceded in the answer and in the brief filed in support of the contention that the defend-

ants should have had a decree in their favor, I am unwilling to assent to this court of its own motion rendering a decision reversing the decree entered and dismissing the bill for a lack of jurisdiction in the trial court to adjudicate the matter in dispute.

But in my opinion the court did have jurisdiction. Jurisdiction is conferred upon the circuit courts, in chancery, in 3 Comp. Laws 1915, § 12302, subsec. 4:

"To hear and determine suits instituted by any person claiming the legal or equitable title to lands, whether in possession or not, against any other person not in possession, setting up a claim thereto in opposition to the title claimed by the plaintiff: And, if the plaintiff shall establish his title to such lands, the defendant shall be decreed to release to the plaintiff all claims thereto."

This provision with a slight change, not here important, has been a part of our law since 1840. In the early case of *Stockton* v. *Williams,* Walk. Ch. 120, in which a proceeding was brought under it, Chancellor MANNING said, at page 127:

"The object of the statute seems to be to enable a person in possession of real estate, and having a title thereto, to remove all doubts in regard to his title arising from the claims of third persons who are taking no steps to test the validity of their claim, either at law or in equity, and who, by their refusal or neglect to institute proceedings for that purpose, keep the party in possession in a state of suspense."

In *Moran* v. *Palmer,* 13 Mich. 367, 370, it was said:

"A bill to quiet title on behalf of the legal owner, is only entertained where the party is not in a position to force the adverse claimant into a court of law to test its validity."

In *King* v. *Carpenter,* 37 Mich. 363, 366, the court said:

"The statute (2 Comp. Laws 1871, § 5072) was designed to enlarge the powers of equity in regard to quieting title by allowing a decree in favor of a party in possession without the necessity of repeated trials at law. Where complainant's rights are strictly legal he has no means of enforcing them at law against a party out of possession, and cannot compel him to bring an action. If therefore the party not in possession neglects or refuses to bring an action, and prefers to wait for the chances of loss of testimony or other casualty, to gain an advantage over the possessor, the statute enables the latter to bring him in as a defendant and compel him to establish his claims or be barred."

In *Methodist Church of Newark* v. *Clark,* 41 Mich. 730, 738, the court said:

"The bill is a bill to quiet title. A bill for that purpose is based upon an actual possession by complainant of the land in dispute, and when sustained, it is upon the ground that complainant has no other means of bringing his title to an adjudication."

In *Carpenter* v. *Dennison,* 208 Mich. 441, after quoting subsection 4 of section 12302, it was said:

"While this subdivision of the section in its present form is the result of amendments, it originally was enacted in 1840 (Act No. 76, Laws 1840, p. 127). It has generally been recognized as declaratory of recognized jurisdiction of the courts of equity with amplification of their powers, and its object has been recognized by this court to be to enable one in possession of real estate (now including one out of possession where the other party is also out of possession) to remove all doubts as to his title caused by claims of third persons who are taking no steps to

test the validity of their claim and who by their refusal or neglect to take proceedings to have their title adjudicated cast a doubt upon the title which without the interposition of a court of equity remains a cloud upon such title to the injury of the true owner.''

These decisions well illustrate the holding of this court in cases where other than the location of the true boundary line was involved. The recent case of *Maes* v. *Olmsted,* 247 Mich. 180, is, I think, decisive of the question under consideration. The plaintiffs were in possession of a strip of land claimed to be owned by defendants by reason of a recent survey of the line between their respective lots. Defendants brought ejectment. Plaintiffs thereupon filed a bill to restrain the prosecution of the ejectment suit and to quiet their title to the strip in dispute, and were granted relief by reason of ''acquiescence arising out of the practical location of a boundary line by a common grantor.'' In disposing of the claim that the action in equity would not lie, Mr. Justice Fead said:

''This action in equity will lie, both because judgment for these plaintiffs in the ejectment suit would still leave an outstanding record title to the strip in defendants, *Flint, etc., R. Co.* v. *Gordon,* 41 Mich. 420; *Eaton* v. *Trowbridge,* 38 Mich. 454, and because other lands are included in this action than are involved in the ejectment suit, and a multiplicity of suits may be avoided, *Woods* v. *Monroe,* 17 Mich. 238. The jurisdiction of equity to quiet title is also provided by 3 Comp. Laws 1915, § 12302.''

While two reasons were assigned, there is no intimation that the one first stated was not sufficient.

2. *Merits.* The plaintiffs offered proof that a division fence had been maintained between the

property of which they are now in possession and that part of it claimed by defendants for more than 15 years and acquiesced in by the defendants and their grantors as the true boundary line between these properties. The trial court so found. It will serve no useful purpose to further lengthen this opinion by quoting from or reviewing the testimony on which he based this decision. While there is dispute as to the establishment of and acquiescence in the line, the testimony of several of plaintiffs' witnesses who have long been familiar with the boundaries of these lots clearly creates a preponderance in favor of such holding. The effect of acquiescence in a boundary line was before this court in the recent case of *Hanlon* v. *Ten Hove,* 235 Mich. 227 (46 A. L. R. 788). It was there said:

"While acquiescence alone is not a defense, if acquiescence follows the resolving of a doubt as to where the line is or the settlement of a *bona fide* controversy, which settlement agreement contemplates an agreed line, and the monuments of such line are fixed and maintained thereafter, such line so established and acquiesced in is the line, and the acquiescence need not continue for the statutory period; likewise where the line is acquiesced in for the statutory period it is also fixed."

See, also, *Maes* v. *Olmsted, supra.*

The decree is affirmed, with costs to appellees.

FEAD, BUTZEL, and CLARK, JJ., concurred with SHARPE, J.